JOHN F. WEEKS and others, infants by their guardian, F. N. MUL-
LEN, v. ALETHIA WEEKS and JAMES M. WEEKS.

*Will--Construction of--Bequest of Another's Property.*

1. A devisee or legatee cannot claim both under a will and against it. If
the will gives his property to another, he may keep his property, but
he cannot at the same time take anything given to him by the will ;

*Therefore*, where a testator bequeathed to certain of his children, a fund
arising from a policy of insurance which belonged to all his children
equally, and directed that in the event the fund should be used in the
payment of debts, the bequest should be made good out of his land and
the residue of the land divided among all his children equally ; *Held*,
that the children not included in the bequest should be required to
elect either to take their respective shares of the insurance money and
abandon all claim to the land ; or to abandon their shares of the insu-
rance money, and take the shares of the land given to them by the will.

2. It is only when a party put to an election is under a disability, that
the Court will order a reference or account for the purpose of ascer-
taining what is to his advantage.

SPECIAL PROCEEDING for Partition, commenced before the
Clerk of PASQUOTANK Superior Court and heard on appeal
by *Cannon, J.,* at Chambers, on the 6th February, 1877.

The plaintiffs and defendants were children of one James
E. Weeks who died in 1866, leaving a last will and testa-
ment, the portions of which material to this case are as fol-
lows :

" 2. Inasmuch as provision has been made for my two
eldest children, Alethia and James, by their uncle, James G.
Mullen, in his last will and testament, I give and bequeath
unto my four youngest children—namely, John, Charles,
Catherine and Stephen, the five thousand dollars for which
my life is insured in the Ætna Life Insurance Company to
them and their heirs forever, to be equally divided among
them, share and share alike. But as my estate is greatly

involved in debt and as I am most desirous that provision shall be made for the payment of the same, I direct the guardian of my children—namely, John, Charles, Catharine and Stephen, to employ the fund above mentioned to be derived from the insurance upon my life in the payment of all my debts not included in a deed of trust which I have this day made to Dr. Francis N. Mullen for purposes therein specifically set forth ; provided, however, and it is upon the condition, that my said debts not included in the said deed of trust can be compromised at an amount not exceeding fifty cents on the dollar, and in case of the application of the said fund or any part thereof to the payment of my said debts, it is my will and desire that an equivalent value of my real estate shall be set apart to my said four youngest children, and that they shall take such share of my real estate in addition to what they would have taken, had no part of said insurance fund been applied to the payment of my debts ; or, in other words, it is my will and desire that in the event the whole or any part of said fund shall be used in the payment of my debts, then and in that case, a share of my real estate equal in value to the amount of said fund so used shall be set apart and assigned to my said children, John, Charles, Catharine and Stephen, to them and their heirs forever. But if my creditors not named in said trust shall refuse to accept an amount not exceeding fifty cents on the dollar in full payment and satisfaction of my indebtedness to them, then I desire no part of said insurance fund to be substituted for real estate as hereinbefore provided, but I give and bequeath the whole of said fund to my four youngest children, John, Charles, Catharine and Stephen, to them and their heirs forever, to be equally divided among them, share and share alike.

" 3. The residue of my estate, both real and personal, after the payment of my just debts, I give and bequeath to my children living at the time of my death, to them and

their heirs forever, to be equally divided among them, share and share alike."

. The policy of insurance referred to upon the life of the testator was " for the benefit of his children," the Company in said policy agreeing " at the death of said Jas. E. Weeks to pay said sum of $5,000 to the children of said Jas. E. Weeks, their heirs, executors, &c."

The executor named in the will collected the amount of the policy (less a sum due the Company upon certain notes executed to it by the testator) and used the same in payment of the debts of the estate.

The plaintiffs demanded judgment that a portion of the land of the testator, equal in value to the sum of $5,000, be allotted to them as tenants in common, and the residue of land be equally divided between the plaintiffs and defendants.

The defendants insisted that the lands should be divided in equal parts among the plaintiffs and defendants.

Upon the pleadings and exhibits, the Clerk adjudged that the plaintiffs and defendants were tenants in common of equal shares, and not of unequal shares, as claimed by plaintiffs, in the several tracts of land named in the pleadings and that partition be made among them.

From which order the plaintiffs appealed to the Judge of said Court, who affirmed the same. Plaintiffs thereupon appealed to this Court.

*Messrs. Gilliam & Pruden*, for plaintiffs.
*Mr. W. N. H. Smith*, for defendants.

RODMAN, J. The insurance money ($5,000) which the testator expected to be paid, and which was in part paid after his death, was the property of his six children. Nevertheless he bequeathed it in effect to his four younger children who are plaintiffs.

It is immaterial whether he supposed this sum to be his own, or knew it to be the property of all the children equally. He owned land which he might dispose of at his pleasure, and he devised that the aforesaid sum should be applied, on an event which took place, to the payment of his debts, and that the plaintiffs should first have that value laid out to them in his land, and that then the residue of the land should be equally divided among all the children.

There is no doubt about the intent of the testator, that the plaintiffs shall have all the land in case the defendants do not release their rights in the insurance money. It is a familiar principle of equity, that a devisee or legatee cannot claim both under a will, and against it. If the will gives his property to another, he may keep his property, but he cannot at the same time take anything given to him by the will; for it was given to him on the implied condition that he would submit to the disposition of his property made by the testator. He is put to his election. Adams Eq. 92.

In the present case the defendants who are the two older children of the testator, might have elected to take their respective sixth parts of the insurance money, abandoning thereby all claim to the land of the testator under his will. They were entitled to a reasonable time for making their election. In case any of the parties put to an election are under a disability, the Court will order a reference to ascertain what is to their advantage, and if an account be necessary for that purpose, will order one. In the present case the defendants are competent to decide for themselves. No account would assist them. There is no way to ascertain the value of the shares of the land which they would get under the will, except by a sale, which neither party has asked for.

There is error in the judgment below which is reversed. The defendants will be required to elect;—whether they will take their respective sixth parts of the insurance money, and

abandon all claim to any part of the land of the testator mentioned in his will; or, whether they will abandon their respective shares in said insurance money to be applied as directed by the will, and take the shares of the land given them by the will.

If the defendants shall elect the first alternative, their election will be entered of record and the action dismissed, as the plaintiffs will be then sole seized, unless they shall amend their complaint with a view to a partition among themselves.

If the defendants shall elect the second alternative, a portion of the land devised, of the value of the insurance money, will be laid off to the plaintiffs in common, and the residue divided equally among all the children, or a division upon the principle stated may be made in any way agreed on by the parties, or which the Court considers just and equitable.

The case is remanded to be proceeded in according to this opinion.

PER CURIAM.                    Judgment accordingly.