*JOHN F. WEEKS and others, infants by their guardian, F. N. MULLEN, v. ALETHIA WEEKS and JAMES WEEKS.

*Practice—Judgment—Legatees, right of election between land and another fund.*

1. A judgment declaring expressly or impliedly certain facts as admitted by the pleadings, can only be reviewed (if at all) upon some direct proceeding instituted for that purpose.

2. Where a testator bequeathed to certain of his children a fund arising from a policy of insurance which belonged to them all equally, and directed that in the event the fund should be used in the payment of his debts, the bequest should be made good out of his land,

---

* Smith, C. J. having been of counsel did not sit on the hearing of this case.

and the residue of the land divided among all his children equally; thereby putting the children not included in the bequest to an election between their interest in the insurance money and their claim to the land under the will; *It was held* that they were entitled to an account to ascertain how much of the insurance fund had been applied to the payment of the debts before they could be compelled to make their election.

3. Parties put to an election between land and another fund, have no right to call for a sale of the land to ascertain its value before making their election ; they must rely upon their own judgments.

4. No Court has power to order a sale of land except where it is bound by some trust, or the like ; or when the power is given by statute.

PETITION in the Cause filed by the defendants and heard at Spring Term, 1878, of PASQUOTANK Superior Court, before *Furches, J.*

The facts are stated in same case, 77 N. C. 421. When the opinion in that case was certified to the Court below, the defendants filed their petition asking for a sale of the land, and for an account to ascertain the amount of insurance money paid upon debts not secured in the deed of trust mentioned in the will of James E. Weeks, the ascestor of the parties to this proceeding. The Court refused the application and required the defendants to elect whether they would take their shares of the insurance money and abandon their claim to the land under the will, or *vice versa.* They elected to take the insurance money, and the Court ordered the action to be dismissed. From which ruling the defendants appealed.

*Messrs. Gilliam & Gatling,* for plaintiffs.
*Messrs. Buslee & Busbee,* for defendants.

RODMAN, J. This professes to be a petition by James Weeks and Alethia Weeks who are defendants in the action in which the decision of this Court is reported in 77 N. C. 421.

WEEKS v. WEEKS.

The defendants who are the two older children of the testator say that the insurance money was received by the guardian of all the children, and that instead of having been used by him as directed by the testator in compromising and *discharging* his debts, (except certain debts provided for in a deed of trust) was partly applied by the guardian to buying up and keeping alive for the use of his wards the debts of the testator which he had directed to be compromised and discharged, and partly in buying up on the same trust the debts of the testator provided for in the deed of trust which the testator had excepted from those which he had directed to be compromised. These purchases were not made under or in obedience to the will, but as investments for the wards.

The petitioners say that they ought not to be required to make an election until it shall be ascertained, 1st. By an account how much of the insurance money has been applied in buying up the debts which the testator had directed to be compromised, and how much otherwise, and 2nd. The value of the land, by a sale. And they pray for such an account and for a sale of the land.

No answer on behalf of the infant plaintiffs was put in to this petition, but the interest of the infants can not be prejudiced by this omission of their guardian. No evidence appears to have been given of the facts stated in the petition, and the Judge does not find them.

If under any circumstances a judgment declaring expressly or impliedly certain facts as admitted by the pleadings could be reviewed and reversed as to those facts, and the case heard again upon a different state of facts presenting different questions of law for the decision of the Court, certainly it can only be done upon a direct proceeding to that end, and not in the collateral proceeding here used, and upon proof of the newly alleged facts. We must therefore disregard the statements of the petition of any other or dif-

ferent state of facts from that agreed upon by the parties in their pleadings in the principal action, on which it was originally heard in the Court below, and upon appeal in this Court.

We may say this however, not as necessary to the decision of this case, but as pertinent to the facts now alleged, that if the guardian instead of compromising and *discharging* the debts of the testator had in fact bought them and kept them alive for the benefit of his wards and refused to discharge them at the maximum rate fixed by the testator, then there would have been no case for an election by the defendants between the money and the land ; for in that case they would be entitled to their shares of the fund, and the devise of the whole land to the plaintiffs would have been absolute by the terms of the will. In such case the guardian would have exceeded his powers and violated the trust reposed in him, and it would be in the election of each one of his wards, either to take his share of the fund in money, or in the property in which the fund had been invested.

Considering the facts to be as admitted by the pleadings in the principal case which we have again examined, as it did not distinctly appear in that case (although it seems to have been assumed in the pleadings and on the hearing both by the counsel and by the Court) that the *whole* fund had been used in discharging the debts which the testator had directed to be discharged, it is yet open to the defendants to contest this, and to have it ascertained by an account how much of the fund was used in this way; for by the will it is only such a part of the land as is equivalent to the sum so used, which is to be set apart to the four youngest children in addition to the shares which they would have taken upon an equal division among all the children. We think that in this respect, that is, in refusing such an account, the order below was erroneous ; and it is certain

that such an inquiry must be made before a final decree, because if the whole fund has not been so spent, and less than the whole has sufficed, the plaintiffs will be entitled by the terms of the will—in case the defendants elect to take their whole shares in the fund—not to the whole land, but only to an equivalent as has been stated, and the defendants will be entitled to their share of any excess of the fund, and also to shares in the land after the equivalents given to the plaintiffs have been deducted. It does not appear to us how such an account can aid the defendants in making their election, but, as it does not appear that it can injure any one, and it must ultimately be taken, we see no reason why it should not be taken before the defendants are required to elect. To that extent the order below is reversed.

As to the prayer for the sale of the land: No Court has power to order a sale of the land of an infant, or indeed of a party generally, except in a case where the land is bound by some trust, or the like, or where the power is given by some statute, and we are not aware of any which gives it in a case like this. The defendants must act upon their own estimate of the value of their shares in the land. They may perhaps have been misled by the language of the opinion, "that there was no way to ascertain the value of the land except by a sale, and a sale had not been asked for." This meant merely that as a sale was not asked for, the question of ordering it had not been considered. Although the valuation of land by appraisers is uncertain, yet it is adopted in all cases of partition, except where an actual partition can not be made without injury, and that fact must be clearly established before the Court will order a sale for partition. In the present case it will suffice to say that upon the facts now appearing, no Court has the power to order a sale. In this respect the judgment below is affirmed.

The judgment below requiring the defendants to elect be-

fore the taking of the account described is reversed, and the case is remanded to be proceeded in according to this opinion. As the judgment is partly sustained and partly reversed, neither party will recover costs in this Court.

PER CURIAM.                    Judgment accordingly.