Gaston, Judge,
 

 after stating the case as above, proceeded : — Ever since the case of
 
 Noyes
 
 v.
 
 Mordaunt,
 
 which was decided in 1706, (2 Ves. 581,) it has been holden for ■an established principle of equity, that where a testator by his will confers a bounty on one person, and makes a disposition in favour of another
 
 prejudicial
 
 to the former,
 
 the
 
 
 *635
 
 person thus prejudiced shall not insist upon his old right, and at the saibe time enjoy the bounty conferred by the will. The intention of the testator is apparent that both dispositions shall take effect, and the conscience of the donee is affected by the condition thus
 
 implied,
 
 that he shall not defraud the design of the donor by accepting the benefit, and disclaiming the burthen — giving effect-to the disposition in his favour, and defeating that to his prejudice. The donee is therefore put to his election, either to take the thing given, and confirm the will; or retaining what is his independently of the will, to surrender to the disappointed devisees or legatees, so much of what the testator has given him, as will compensate them for the disappointment. It has however been settled in England, at least as early as 1749, that a devise of freehold by one not having legal capacity to devise lands, or not executed according to the solemnities required by law in devises of lands, contained in a will valid as one of personalty, did not impose on the heir disputing its validity an obligation to elect between his rights as heir, and the personal benefits bequeathed by the will.
 
 Hearle
 
 v.
 
 Greenbank,
 
 1 Ves. Sen. 306; 3 Atk. 695;
 
 Carey
 
 v.
 
 Askew,
 
 8 Ves. 492; 1 Cox, 241.
 
 Goodrich
 
 v.
 
 Sheddon,
 
 8 Ves. 481;
 
 Thellusson
 
 v.
 
 Woodford,
 
 13 Ves. 209. This modification of the general doctrine is founded upon the principle that the attempted devise affords no legal evidence of an
 
 intention
 
 in the testator to devise; or in the language of Lord Eeskine,
 
 “
 
 a devise of real estate was considered a matter of so much solemnity and importance, that the law would accept no proof of the act, except what is required for the validity of the act.” 13 Ves. Jun. 223. The intention not being before the Court, the estate did not appear to have been devised away from the heir, and the will must be read by the Court, as if such devise was not in it. Eminent judges have indeed expressed dissatisfaction with this reasoning,' and have thought, that however ineffectual the attempt to devise, the Court might regard the attempt as indicating an intention to devise, which had failed to have legal effect, as clearly as in the case where the devisor attempts through mistake to devise an estate which .belongs to another person. However this may be, the rule is there
 
 *636
 
 settled as a rule of property; and if no more appears than a devise from the heir, and a bequest of personalty to him, in a will sufficiently executed to pass personal, but not sufficiently executed to pass real estate, it is a good will of the personalty ; it is no will as to the lands; there is no implied condition of election; and the heir may keep the lands descended, and also take his legacy'.
 

 We are not aware of any express adjudication in our state in which this doctrine has been declared with respect to devises under our statute; but we know that it has been regarded by the profession as existing here in full force; and we know of several cases, and some of them involving property to a large amount, in which an election might have been implied, but for this supposed rule, and in which it was not attempted to be raised, because of the conviction that it was a rule of property not to/be controverted. We feel ourselves therefore bound so to consider it.
 

 But as a testator may qualify a bounty which he confers by any condition not contrary to law; and as a legatee in such case must take the bounty,-if he take' it at all, subject to the condition which the testator has annexed to the bequest, it was thought that' i'f-.in a will sufficient to pass the personal, but-'pot-to pass the realyeState, the:testator annexes as a condition to a legacy gi!vé&;tf;Íii;s:.!jairra.t-law, that the legatees shall- permit the. p'ersops- :'nafriecl-''in the will to take the lands of the testator, the 90nc|ij.iqri annexed would be effectual, although the devise:'vi’as 'ydfd-; arid the beir must surrender the lands, if he insist • on the legacy. This was held in the case of
 
 Boughton
 
 v.
 
 Boughton,
 
 in 1750, by the same eriiinent lawyer, Lord Hardwicke, who decided the case of
 
 Hearle
 
 v.
 
 Greenbank,
 
 but the year before.. In that case, by a will not executed according to the statute of frauds, real estate was given to A., rind a legacy to the testator’s heir at law, his grand-darighter, and in the will was an express clause; that if any of his children, or any who might receive benefit by his will, should controvert any part thereof, and not comply with the whole, both as to real and personal estate, they should severally forfeit every claim under his will, and what was given,to them should go to his residuary legatee. The Chancellor determined that this express clause consti
 
 *637
 
 tuted the distinction between this and the other cases: that in the other cases where there was no condition expressed in the will, but the Court was to imply a condition on the dispositions in the will, it could notice no dispositions but those which were declared with the formalities prescribed by law ; but where a condition was annexed to a personal legacy, the Court must examine every part of that conditional bequest, let it
 
 relate
 
 to what it might— to personal or to real estate, or to any other matter whatever. See
 
 Boughton
 
 v.
 
 Boughton,
 
 2 Ves. Sr. 11. This distinction between an express and implied condition is perhaps a subtle one. Sir William Ghaut indeed has observed, that he did not understand why a will, though not executed so as to pass real estate, should not be read for the purpose of discovering in it an implied condition concerning real estate, annexed to a gift of personal property, as it is admitted that it must be read when such condition is expressly annexed to the gift; for thlt if by a sound construction such condition is rightly inferred from the whole instrument, the effect would seem to be the same as if it were expressed in words.
 
 Bradie
 
 v.
 
 Barry,
 
 2 Ves. & Beame, 130. It was also regarded by Lord Kenyon as an unsatisfactory distinction.
 
 Carey
 
 v.
 
 Askew,
 
 1 Cox, 241. And Lord Eldon has said of it, that it was “ such as the mind could not well fasten upon.”
 
 Sheddon
 
 v.
 
 Goodrich,,
 
 8 Ves. 197. Yet it has been uniformly held to be well established, and is recognized as a fixed rule of property in the case of
 
 Ker
 
 v.
 
 Wanehope,
 
 1 Bligh. 23-25.
 

 In the case before us, if we are at
 
 liberty judicially
 
 to notice all the dispositions made, or attempted in the will, there can be no doubt but that it was the testator’s intention that the defendant should not have any part of his estate, real or personal, except that specifically bequeathed to her. There were two modes by which, this intention might have' been carried into execution. He might in terms have annexed as a condition of the bequest, that she should relinquish and forego in favour of his other heirs and next of kin all her claim to the residue of his estate real! and personal. Or he might have made a disposition of this-residue to these his other heirs and next of kin. We are obliged to say that he has not adopted the former mode,
 
 *638
 
 but has attempted to pursue the latter. T*he words “ my grand-daughter shall not be entitled to receive any part of my estate as heir-at-law of Esther Burger deceased, other than that bequeathed to her by this will,” are not subjoined by way of condition to the bequest in favour of his grand-daughter ; nor do they contain in terms a forfeiture of the bequest in case she should insist on this claim. They are but a qualification of the clause in which he undertakes to dispose of this residue, and except her out of the number of those to whom the residue is given. “It is further “ my will, that all'the balance of my property, both real “ and personal, shall be divided and distributed according “ to the laws of North Carolina relating to the estates of “ intestates, with this exception alone, that my grand- “ daughter shall not be entitled to receive any part, &c.,
 
 “
 
 &c.” It is a devise and bequest of the residue to certain persons, described by a “general designation which would embrace 'the defendant, were she not excluded, and from which therefore she is excluded. It must have the same operation as if the devisees and legatees had been named, instead of being described as a class, with an exception out of that class. Unfortunately for the plaintiffs, this disposition must be read by the Court, as though it were a disposition of the testator’s personal estate only, and therefore the condition of election which the law of this Court implies, is between the specific bequest to the defendant, and the bequest of the residue of
 
 the personal
 
 estate. The defendant, as one of the testator’s heirs at law, may therefore insist on her right to a share of the .lands descended, without being compelled to make good the devise of these lands, inasmuch as the will contains
 
 no deoise
 
 of them which she would disappoint.
 

 The case is felt to be a hard one. We see, that although the demurrer was sustained below, no costs were given to the defendant. This we think was perfectly correct j but as there has been an appeal from the decree of the Superior Court, and this Court approves of that decree
 
 in toto,
 
 the defendant is entitled to costs in this Court.