PeáRSON, J.
 

 "We are satisfied, from a careful perusal of the will, that the widow takes, under it, the same estate in the land that she would be entitled to by her common law right of dower. The testator makes a partial allotment of his land, by directing that his son George shall have
 
 his portion
 
 laid off so as to include his improvements, and makes a similar allotment in respect to the portion of his son John, leaving the land to be disposed of as the law directs, subject only to to this partial allotment; so, as a matter of course, the widow is to have her dower assigned in the mode directed by law.
 

 Whatever doubt may have existed, taking the will by itself, is removed by the codicil. Erom that, it is manifest that the testator intended his widow to have dower in all his land, for in respect to the mill, he assigns her the part which the law directs, giving her one-third of the profits, after deducting the necessary expenses, during her life; which is one of the peculiar modes of assigning dower at common law in that species of property; thus leaving it to be inferred, f.s of course, that she was to take the third of the rest of his
 
 *487
 
 real estate during her life, which is to include the dwelling-house and improvements, as the law directs.
 

 This conclusion, if it needed it, is fully confirmed by the bequest to her of the threshing machine, household and kitchen furniture, farming implements, blacksmith’s tools, &c.; — just such things as she would require to carry on her business in his mansion-house and plantation.
 
 Brown v.
 
 Brown, 2 Ire. Eq. 309, cited in the argument, upon examination, is found to support this construction. It certainly would require the most overwhelming weight of authority to justify a departure from what was, so manifestly, the intention of the testator.
 

 Pee Cueiam, Decree accordingly.