LAURA McGEHEE v. J. W. McGEHEE, Executor, et al.

(Filed 29 April, 1925.)

**Wills—Conflict of Laws—Elections—Sequestration—Moneys in Lieu of Dower.**

> The personal property of the estate of the deceased domiciled in another state, is disposed of according to the law thereof, and where he had died leaving a will including the disposition of lands in North Carolina with two witnesses, which are sufficient here, but insufficient as to the laws of the state of his domicile, he has died intestate, in the place of his domicile, and a beneficiary may take here as the will provides, and the fact that as heir at law he may thus take a larger share of the estate, does not put her to an election in equity, there being no provision of the will requiring it, or sequester her estate in favor of a disappointed devisee or legatee, the equitable doctrine of the latter depending upon that of the former; and *Held, further,* these principles apply where the testator has bequeathed to his widow a certain sum of money in lieu of her dower rights in land situated here.

Appeal by plaintiff from *Bryson, J.,* at December Term, 1924, of Guilford.

Civil action by Laura S. McGehee to recover the amount of a legacy given to her under her husband's will in lieu of her dower rights in his estate.

The case was heard on facts agreed: Henry W. McGehee died 8 September, 1919, domiciled in South Carolina, leaving him surviving a widow, the plaintiff, and several brothers and sisters, but no children.

McGEHEE v. McGEHEE.

At the time of his death, his estate consisted of personal property in South Carolina, North Carolina and Virginia, and real estate in North Carolina, Virginia and Maryland. He left a will with only two witnesses which is valid in North Carolina, Virginia and Maryland, but void in South Carolina where three witnesses are required to make a valid testamentary disposition of property. The South Carolina statute (Civil Code 1912) applicable is as follows:

"Sec. 3564. Devises shall be in writing, attested by three or more witnesses. All wills and testaments of real and personal property shall be in writing, and signed by the party so devising the same, or by some other person in his presence and by his express directions, and shall be attested and subscribed in the presence of said devisor, and of each other, by three or more credible witnesses, or else they shall be utterly void, and of none effect."

The testator owned no real estate in South Carolina at the time of his death. The will on its face purports to dispose of all his property.

Item 2 is as follows: "I give and bequeath to my wife, Laura S. McGehee, all of my furniture and household goods of whatever kind or description and in addition I give and bequeath to her the sum of twenty thousand dollars ($20,000) to be used by her for her maintenance, support and comfort during her natural life, the same to be expended for said purposes in accordance with her personal wishes, and any amount of said sum, together with the interest and profits arising therefrom, which may remain unexpended at her death, I give to my nephew, Henry Richard McGehee, son of Dr. John W. McGehee. These bequests, together with the proceeds from certain policies of insurnace on my life, amounting at this time to the aggregate sum of seven thousand five hundred dollars ($7,500), I give to my said wife, Laura McGehee, in lieu of her dower rights in my estate, and with the hope and confident expectation that the same will be amply sufficient to provide for her support and comfort during her natural life, which is my wish and desire. I have caused the name of my said wife to be inserted as beneficiary in said policies of insurance on my life, and it is my will that she shall have the proceeds thereof in her own right, to be expended or disposed of in accordance with her wishes, without any limitations or restrictions whatever, and should any of said policies lapse, or for any reason not be paid at my death, it is my will that my executor shall pay her the amount of such shortage or deficiency out of any other money coming into his hands belonging to my estate, it being my wish and desire that she shall have the full sum named in this item."

The will also provides for the sum of $20,000 to be placed with Dr. John W. McGehee in trust for his minor son, Henry Richard McGehee.

Letters of administration were issued to the plaintiff and Dr. John W. McGehee in South Carolina and they have administered the personal estate under the intestate laws of that State. The executor named in the will has qualified in the states of North Carolina, Virginia and Maryland, where the will is admittedly valid.

The present controversy is primarily between the widow and Richard Henry McGehee, the beneficiary of a special legacy. The widow has received, under the intestate laws of South Carolina, one-half of the personalty wherever located, amounting to about $36,000, and the other half passed to the brothers and sisters of the deceased. The "furniture and household goods" did not pass under the will, but were sold and the proceeds administered under the intestate laws of the domiciliary state, or rather the widow was required to account for the value of same in the settlement of the estate.

The plaintiff contends that she is entitled to claim her legacy, given "in lieu of her dower rights" and to have it paid from a sale of the real property situated in those states where the will is valid. Richard Henry McGehee, the beneficiary of a special legacy, denies the widow's right to claim under the will to the extent that it may defeat him of his legacy. The court below took the defendant's view of the matter and rendered judgment accordingly. The plaintiff appeals.

*King, Sapp & King and Swink, Clement & Hutchins for plaintiff.*
*J. R. Joyce, Manly, Hendren & Womble for defendants.*

Stacy, C. J., after stating the facts as above: It is conceded that the will of Henry W. McGehee is void in South Carolina and valid in North Carolina, Virginia and Maryland. The case pivots on whether the plaintiff is entitled to claim under, or required to take against, her husband's will in North Carolina. In other words, do the facts, properly appearing of record, call for the application of the doctrine of equitable election as between the legacy and a distributive share of the personal property? We think not.

"Election," in the sense it is used in courts of equity, says *Judge Story,* "is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both. Every case of election therefore presupposes a plurality of gifts or rights with an intention, express or implied, of the party who has the right to control one or both, that one should be a substitute for the other. The party who is to take has a choice; but he cannot enjoy the benefits of both." 3 Story's Eq. (14 ed.) p. 113; *Sigmon v. Hawn,* 87 N. C., 450. The doctrine of election, as applied to the law of wills,

simply means that one who takes under a will must conform to all of its legal provisions. See *Elmore v. Byrd,* 180 N. C., p. 120, where the subject is fully discussed, but without undertaking to reconcile the divergent authorities. Indeed, such an undertaking would be a herculean, if not a hopeless, task.

To avoid confusion, the one circumstance which must be held clearly in mind is that the plaintiff took nothing in South Carolina against the will and nothing under it. The testator died intestate as to his personal property, and therefore without testamentary intent as to its disposition. The *situs* of such property is at the domicile of the owner, hence its name. *Mobilia sequuntur personam. Trust Co. v. Doughton,* 187 N. C., p. 272. The will is void in South Carolina, the domiciliary State. Title to the personal property was vested in the distributees under the South Carolina law, and not by virtue of the will. The plaintiff had no alternative as to the personal property. She could not take her distributive share of it under the will, when the will failed to dispose of any of the personal property. She could only claim it under the law, or decline to take it. And upon her refusal to accept her distributive share of the personal property, what would become of it? There is no will by which it may be given to others. "What the testator has left undisposed of the law must dispose of for him"—*Gaston, J.,* in *Ford v. Whedbee,* 21 N. C., p. 21.

The defendants do not contend that the plaintiff is required to elect between her legacy and an escheat. They only say that, if she claim her legacy under the will to the prejudice of Henry Richard McGehee, so much of the property received by her from her husband's estate should be sequestered in equity and surrendered to the disappointed devisee or legatee so as to compensate him for the disappointment. *Dunshee v. Dunshee,* 263 Ill., p. 196; Bispham Eq. (9 ed.), 499; Eaton's Equity 182.

It is not strictly the doctrine of election, for which the defendants contend so much, as it is the principle of equitable compensation sometimes engrafted upon this primary doctrine of election. *Ker v. Wauchope,* 1 Bligh, 25. The principle sought to be evoked by the defendants was stated by *Sir Thomas Plummer, M. R.,* in *Gretton v. Howard,* 1 Swanst., 409, as follows: "I conceive it to be the universal doctrine that the court possesses power to separate the estate till satisfaction has been made, not permitting it to devolve in the customary course. Out of that sequestered estate so much is taken as is required to indemnify the disappointed devisee. If insufficient, it is left in his hands. In the case to which I have referred, *Lord Loughberry* uses the expression that the court 'lays hold of what is devised, and makes compensation out of that

36—189

to the disappointed party.' . . . It would be too much now to dispute this principle, established more than a century, merely on the ground of difficulty in reducing it to practice, and disposing of the estate taken from the heir at law without any will to guide it; for to this purpose there is no will. The will destined to the devisee not this estate, but another. He takes by the act of the court (an act truly described as a strong operation) not by descent, not by devise, but by decree—a creature of equity."

Conceding the soundness of the doctrine of compensation, it is thought to be inapplicable except in cases calling for an election, for election is the basis upon which it rests.

It may be stated as settled by the weight of authority, both in England and in this country, that where a will is valid as a disposition of personal property, but invalid as a devise of real estate, because of an insufficient number of witnesses, the heir to whom a legacy is given in lieu of his interest in the testator's real estate, will not be put to his election, and he may take the personalty under the will and his share of the realty as heir, unless the bequest of the personalty be upon an express, but not implied, condition that he relinquish his right in the realty as heir, in which event the condition will be enforced and he will be required to elect. *Thellusson v. Woodford,* 13. Ves., 209; *Breckinbridge v. Ingram,* 2 Ves. Jr., 652; *Sheddon v. Goodrich,* 8 Ves. Jr., 482; *Boughton v. Boughton,* 2 Ves. Sr., 12; *Whistle v. Webster,* 2 Ves. Jr., 367. These cases have been recognized and followed in this and other American jurisdictions. *Melchor v. Burger,* 21 N. C., 634; *Kearney v. Macomb,* 16 N. J. Eq., 189; *Jones v. Jones,* 8 Gill., 197; *McElfresh v. Schley,* 1 Gill., 181; *Hand v. Hand,* 60 N. J. Eq., 518.

Speaking to the subject in the case of *Hearle v. Greenbank,* 1 Ves. Sr., 307, *Lord Hardwicke* said: "The infant is not obliged to make her election; for here the will is void. And when the obligation arises from the insufficiency of the execution or invalidity of the will, there is no case, where the legatee is obliged to make an election, (*Aliter* if there be *an express condition* not to dispute the will. *Boughton v. Boughton,* 2 Ves. Sen., 12); for here is no will of the land. A man devises a legacy out of land to his heir at law; and the land to another: the will is not well executed according to the statute of frauds for the real estate; the court would not oblige the heir at law, upon accepting the legacy, to give up the land." And, further, as reported in 3 Atkyns, 715: "It is like the case where a man executes a will in the presence of two witnesses only, and devises his real estate from his heir at law, and the personal estate to the heir at law; this is a good will as to personal estate, yet for want of being executed according to the statute of frauds and perjuries, is bad as to the real estate; and I should in that

case be of opinion that the devisee of the real estate could not compel the heir at law to make good the devise of the real estate, before he could entitle him to his personal legacy, because here is no will of real estate for want of proper forms and ceremonies required by the statute."

The principle to be deduced from the foregoing cases is, that the heir or widow of the testator claiming a legacy under the will, and also claiming real estate as heir or dower as widow against the will, the will being inoperative as to real estate by reason of a defective execution, the heir or widow will not be put to an election, but will take both the legacy and the land. In such cases "the heir is allowed to disappoint the testator's attempted disposition by claiming the estate in virtue of his title by descent, and at the same time take his legacy on the ground that the want of a due execution precludes all judicial recognition of the fact of the testator having intended to devise freehold estates; and therefore the will cannot be read as a disposition of such estates for the purpose even of raising a case of election as against the heir." 1 Jarman on Wills (Ed. 1849), 389.

We need not pause to inquire why an express condition should prevail, and one, however clearly implied, should not, except to say that, according to the decided cases, a disposition absolutely void is held to be no disposition at all, and being incapable of operating as such, it is not allowed to be considered as establishing the testator's intent, while an express condition is to be enforced where it enters into and really forms the basis for the gift or devise. This distinction between express and implied conditions may be shadowy and more or less unsatisfactory, nevertheless it has been made and, as said by *Lord Eldon* in *Sheldon v. Goodrich:* "It were better the law should be certain, than that every judge should speculate upon improvement in it." For a valuable discussion of the whole subject of election, see 2 Roper on Legacies, pp. 376-450.

In the instant case, we have a will valid and enforceable against the testator's real estate, but void as a disposition of his personal property— just the reverse of the rule stated above, controlled, however, by the same principle of law; and there is no express condition annexed to the bequest to the plaintiff, calling for such an election on her part as contended for by the defendants. The election which the plaintiff is required to make is whether she will take her legacy under the will, or dissent from the will and claim her dower in the real estate.

Defendants in their brief cite several cases from other jurisdictions which, in tendency at least, seem to support their view of the law, but we think our own decisions are otherwise, as above indicated. *Tucker v. Tucker,* 40 N. C., 82; *Robbins v. Windly,* 56 N. C., 286; *Bost v. Bost,* 56 N. C., 484.

Speaking directly to the question in *Melchor v. Burger,* 21 N. C., 634, *Gaston, J.,* said: "It has, however, been settled in England, at least as early as 1749, that a devise of freehold by one not having legal capacity to devise lands, or not executed according to the solemnities required by law in devises of lands, contained in a will valid as one of personalty, did not impose on the heir disputing its validity an obligation to elect between his rights as heir, and the personal benefits bequeathed by the will. *Hearle v. Greenbank,* 1 Ves. Sen., 306; 3 Atk., 695; *Carey v. Askew,* 8 Ves., 492; 1 Cox, 241; *Goodrich v. Sheddon,* 8 Ves., 481; *Thellusson v. Woodford,* 13 Ves., 209. This modification of the general doctrine is founded upon the principle that the attempted devise affords no legal evidence of an *intention* in the testator to devise; or in the language of *Lord Erskine,* 'a devise of real estate was considered a matter of so much solemnity and importance that the law would accept no proof of the act, except what is required for the validity of the act.' 13 Ves. Jun., 223: The intention not being before the Court, the estate did not appear to have been devised away from the heir, and the will must be read by the Court, as if such devise was not in it. Eminent judges have indeed expressed dissatisfaction with this reasoning, and have thought, that however ineffectual the attempt to devise, the Court might regard the attempt as indicating an intention to devise, which had failed to have legal effect, as clearly as in the case where the devisor attempts through mistake to devise an estate which belongs to another person. However this may be, the rule is there settled as a rule of property; and if no more appears than a devise from the heir, and a bequest of personalty to him, in a will sufficiently executed to pass personal, but not sufficiently executed to pass real estate, it is a good will of the personalty; it is no will as to the lands; there is no implied condition of election; and the heir may keep the lands descended, and also take his legacy."

In the will before us there is no condition annexed to the plaintiff's legacy that she surrender all her rights to the testator's property, both real and personal, before taking same, but the bequest to her is "in lieu of her dower rights in my estate." Strictly speaking, "dower rights" are only such rights as a widow may have in her husband's real estate, and in legal parlance this phrase would not include her claim to a distributive share of the personal property belonging to his estate. *Corporation Commission v. Dunn,* 174 N. C., 679. Dower, under our statute, is the life estate to which every married woman is entitled, upon the death of her husband intestate, or in case she shall dissent from his will, to one-third in value of all the lands, tenements and hereditaments, both legal and equitable, of which her husband was beneficially seized, in

law or in fact, at any time during coverture, and which her issue, had she had any, might have inherited as heir to the husband. *Chemical Co. v. Walston,* 187 'N. C., p. 823.

It cannot be known judicially that the result we have reached is at variance with the intention of the testator, for to hold otherwise would be to give effect to that which the South Carolina law says is void. It is not the testator's will, but the requirements of the law of a sister State, at which the defendants complain.. Just here, we are unable to help them.' Then, too, how do we know' the testator did not· intend to execute his will exactly as he did? He was a man of education and learning, being an alumnus of Trinity College, this State. We have given effect to the testimentary disposition of his property in so far as it is valid. To do otherwise would be to make a will for him, different from the one he has left; to' override the law of wills, and to substitute our own judgment as to' what should be done with the testator's property. This is not the function of a court of equity.

 If it be thought the case is a hard one, it should be remembered that "hard cases are the quicksands of the law"; and in ·viewing the apparent hardships of a case, we have been enjoined, by a number of learned judges, not to overlook the law. *Leak v. Armfield,* 187 N. C., p. 628; *Cureton v. Moore,* 55 N. C., 207; *Lea v. Johnson,* 31 N. C., 19.

It follows from what is said above that there was error in the judgment rendered below.

 Error.