"I give unto my beloved wife, for her year's support, one hundred and fifty barrels of corn, etc. (repeating a variety of articles of ordinary household consumption). I leave her the plantation and buildings, either where I live or where my son, Lemuel Whedbee, lived and deceased, for the full space of two years and three months, at the expiration of which time my administrator is herein directed to pay out of *Page 22 
my estate one thousand dollars, the one half cash, the other half in good and safe obligations then due, and no other. To raise that sum of money, he shall be at liberty to sell all the land which, etc. (describing it), which he may sell as soon after his qualification as time (17) will admit, upon the longest credit that can be given, so as to have the money ready for her use immediately after two years and three months is expired. Which said thousand dollars is to be to her a full satisfaction for, and in lieu of, her taking thirds out of my land." The testator then gave to his son, James P. Whedbee, property which he particularly described, and estimated to be worth nine thousand dollars, and proceeded as follows: "all of which will include all and every part of my estate intended, meant, and allotted to him as the whole of his portion thereof."
After making a provision for his grandson, James N. Whedbee, the testator proceeded: "all of which is to complete his share of my estate, unless the death of some one or more of his connections should entitle him to heir from them."
The bill, after setting forth these parts of the will, charged that, there being no person appointed executor, administration with the will annexed had been committed to the plaintiff; that the plaintiff, in the execution of his office, had experienced great difficulty, and he prayed that his administration might be conducted under an order of the court.
In explanation of the difficulties he had encountered, the plaintiff stated that Jane J. Whedbee, the widow of the testator, died before the expiration of two years and three months after his death. That her administrator (who was a defendant) claimed the legacy of one thousand dollars, but that the next of kin of the testator insisted that the legacy was contingent, and had failed in consequence of her death before it fell due. Upon this subject the plaintiff prayed a declaration of the opinion of the Court.
Another question which arose was, how the surplus should be divided, there being no residuary clause in the will. The widow claimed to be entitled to a share of it, but her claim was denied by the next of kin, who insisted she was only entitled to that provision which the testator had made for her, as she had not dissented from the will. Among the next of kin a question also occurred, there being six of them; four contended that it should be divided between them, as the testator had (18) expressly excluded James P. and James N. Whedbee, while the latter, the two Whedbees, contended that, as the testator had not disposed of the residue, it was to be distributed by law, and that a distribution by law included them. The plaintiff also stated that he had been appointed guardian to Joseph Nauby, who had been the ward of *Page 23 
the testator, and that difficulties had arisen in stating the account between the infant and the testator, and he prayed that it might be settled under a reference made by the court.
The several answers admitted the allegations of the bill to be true.
This bill is filed by the administrator with the will annexed of James Whedbee, to obtain the advice of the Court on several questions arising under the will of his testator, which are likely to produce controversies and delay a settlement of the estate. The first of these is whether the bequest of one thousand dollars to the testator's wife be a vested or contingent legacy. Questions of this kind are frequently very perplexing, and, with a view to the determination of them with uniformity, the courts have established rules involving refined and almost verbal distinctions, but all designed to eviscerate and to execute the intention of the testator. If it be his purpose to pass an immediateinterest to the legatee, postponing only the time of enjoyment, then is the legacy vested. But if it be to render the title to the legacy dependent on the event of the legatee being in a condition to receive it when due, the legacy is contingent. The will which we are called upon to expound is exceedingly inartificial and untechnical in its language, and calls for the indulgence of a liberal criticism. The intention of the testator in any particular disposition is frequently not to be collected but by a careful examination of the entire clause containing it, and sometimes, indeed, not without a comparison of different clauses. It commences with making a suitable provision for his wife, and it is apparent that the testator had in view the provision which (19) the law would make in case he died intestate, and substitutes for it that which his sense of propriety and the convenience of his estate recommends. In the event of intestacy the claims of the widow would be of three kinds — first, a year's allowance out of his crop, stock, and provisions; secondly, dower in his real estate; and thirdly, a distributive share in his personal property; the two first claims to be urged immediately on his decease; the last, a claim which could not be pressed before the time which the law allows for settling the estate. With much distinctness of purpose he first makes the year's allowance, following the several subdivisions of crop, stock, and provisions; then he allots dower, or gives a substitute for it; and lastly, he sets apart to her specifically a share of his personal estate. It is perfectly clear that the year's allowance was to be delivered over immediately upon his death; it is made *Page 24 
by him as a year's allowance in lieu of that made by the law. It is natural to expect that what is given as dower, or in lieu of dower, should be also given immediately; and upon examining the details of the provision for that purpose, we find much to justify that expectation. The gift in lieu of dower consists of two parts. He first lends to her the use of either of two plantations for the term of two years and three months after his decease, and then directs that at the expiration of this term there shall be paid (the will is silent as to whom) the sum of one thousand dollars, half in cash and half in good obligations then due. The limitation of the term for two years and three months is a very unusual one, and prompts the inquiry, what could have suggested it? The motive seems to be developed in what follows. In order to raise the thousand dollars, the administrator is authorized, as soon after his qualification as time will permit, to sell certain lands which the testator designates, and upon the longest credit that can be given, so as to have the money ready for her use at the expiration of the term so limited. The administrator cannot qualify but in the County Court, and as its terms are quarterly, three months might elapse after the death of (20) the testator before qualification, while two years is a reasonable period of credit to enable lands to be sold at a full price and the vendor to collect half of the purchase money. The duration of the term is then with a view to the ulterior disposition, and is accommodated to the arrangements provided for effectuating that disposition. The term is but a temporary provision, while the receipt or enjoyment of the main gift is deferred. It is in the nature of interest for delay in the payment of principal. The payment of the money given is to take place at the moment when compensation for its detention is to cease. This is not like the cases in which the postponement of payment is because of the age, or person, or character of the legatee; her fitness to enjoy, her capacity to dispose of, and her right to expect a suitable provision did in no manner depend upon the contingency of her surviving her husband for two years and three months. The postponement manifestly is for the convenience of the testator's estate, and on account of the circumstances of the property to be sold for raising the money. The testator imposes it as a duty on the administrator to sell the lands immediately upon his decease, in order to have the money ready for her when the day of payment shall come, but makes no disposition of the money in case she dies before pay-day. The language, "to have the money ready for her use immediately upon the expiration of the two years and three months," is that of one making arrangements for discharging with punctuality a debt certain, then existing, thoughsolvendum in futuro. The omission of an ulterior disposition in the event of her dying before the time of payment tends to show that the title to the money was not *Page 25 
made dependent on that event. The testator closes the clause with this declaration, "which thousand dollars is to be to her a full satisfaction for and in lieu of her taking thirds out of my lands after the above-mentioned two years and three months." What thousand dollars does he allude to? The thousand dollars directed to be raised immediately upon his death by a sale of specific property, charged also as a debt upon his whole estate, and to be ready for her at the moment when the use of the thirds loaned shall cease. When is it to be a satisfaction? Dower is an immediate right, and in cases of testacy must be (21) immediately demanded. The widow is to choose between that given by will and that which she can demand by law within six months after probate. Not only then, from the words used, but from the purpose in contemplation the inference is strong that he intended that she should elect at his death between his gift and a legal provision. It is in satisfaction of thirds after the term of two years and three months, for during that term "thirds" (as he terms dower) is absolutely provided, and should she dissent, it can only be because a satisfactory provision is not made thereafter, and she could only demand so much, in addition to what is unconditionally given, as will make up the full value of legal dower. We are satisfied, from these considerations, that by the will an immediate gift was made of the legacy, although its payment was postponed, and declare the legacy vested and not contingent.
The advice of the Court is also prayed in relation to the distribution which ought to be made of the residuum of the personal estate not disposed of by the will. The cases of Craven v. Craven, 2 Dev. Eq. Cas., 344, andRedmond v. Coffin, ib., 437, must be considered as conclusively establishing that, in consequence of the peculiar enactments of our acts of Assembly, a widow for whom her husband's will makes a provision in real or personal estate must dissent therefrom, or she foregoes and relinquishes all further claims upon his property as widow. The administrator of the widow is therefore not entitled to a share of this undisposed residuum. It must be distributed amongst the next of kin, including James P. Whedbee and James N. Whedbee. They cannot be excluded, however strongly the testator has expressed his determination to give them no further part of his estate. Their claim to that with respect to which he died intestate is wholly independent of his intention, and is founded on the statute of distributions. What the testator has left undisposed of, the law must dispose of for him. It is hardly necessary to add that the legacies given to any of the next of kin are not to be regarded as advancements. Wilson v.Hightower, 3 Hawks, 76.
The administrator also prays that it may be ascertained, under (22) the sanction of the Court, what is justly due from the estate of his testator to Joseph Newby, an infant, to whom the plaintiff is *Page 26 
guardian, and accounts have been taken for the purpose of enabling the Court to ascertain the amount due. The Court, however, must decline to make any declaration with respect to the subject-matter of this prayer. It is against the course of the proceedings to pass judicially upon an account involving adversary interests, where the same person represents both parties, and of course manages both sides of the account. The defendants, James P. Whedbee and James N. Whedbee, have asked for the opinion of the Court upon certain matters not set forth in the bill, and in regard to which, therefore, the Court is advised of the allegations of the respective parties to this suit. The Court declines to make any declaration thereon.
The case appears to be one in which the administrator had a right to bring the parties before the Court in order to determine the questions which embarrassed the settlement of the estate, and therefore the Court declares his costs to be a charge on the assets of that estate.
PER CURIAM. Decree accordingly.
Cited: Brown v. Brown, 27 N.C. 137; Redmond v. Van Hook, 38 N.C. 587.