MARY J. GINN ET AL. v. B. G. EDMUNDSON.

(Filed 7 March, 1917.)

**Wills—Husband and Wife—Joint Wills—Repudiation by Survivor—Title.**

> A husband and wife holding lands by entireties may make a valid will, jointly, devising the lands to their children or to others; but upon the death of either of them the property will go to the survivor, who may repudiate the paper-writing as his or her will, as the case may be, nothing else appearing, and convey the title to a purchaser.

CIVIL ACTION, tried before *Cox, J.,* at January Term, 1917, of WAYNE.

This is an action to recover the purchase price of a tract of land which the plaintiff, Mary J. Ginn, has contracted to sell the defendant.

The defendant refused to pay the purchase money and to accept the deed, upon the ground that the plaintiff has not a good title to the land.

On 30 September, 1909, John B. Exum and wife conveyed the land

in controversy by deed to J. Hiram Ginn and his wife, the plaintiff Mary J. Ginn.

In April, 1910, the said J. Hiram Ginn died leaving the plaintiff Mary J. Ginn surviving him, but prior to his death he and his wife executed jointly a will in which the land in controversy was devised to several children of the said Hiram Ginn and wife, and in which nothing was devised to the said Mary J. Ginn or to the said J. Hiram Ginn.

After the death of the said J. Hiram Ginn the said Mary J. Ginn refused to abide by said will, repudiated the same, and contracted to sell the land devised therein to the defendant and has tendered him a deed which he has refused to accept, because, as he alleges, the plaintiff has no title.

There was judgment in favor of the plaintiff, and the defendant excepted and appealed.

*W. T. Dortch for plaintiff.*
*Dickinson & Land for defendant.*

ALLEN, J. The deed to J. Hiram Ginn and his wife, Mary, conveyed an estate by the entireties, with the right of survivorship (*Motley v. Whitemore,* 19 N. C., 537; *Bruce v. Nicholson,* 109 N. C., 204), and the plaintiff Mary J. Ginn, being the survivor, is the owner of the land in controversy and can convey a good title to the defendant unless prevented from doing so by the signing of the joint will with her husband.

A joint or conjoint will is a testamentary instrument executed by two or more persons, in pursuance of a common intention, for the purpose of disposing of their several interests in property owned by them in common, or of their separate property treated as a common fund, to a third person or persons, and a mutual or reciprocal will is one in which two or more persons make mutual or reciprocal provisions in favor of each other.

In many of the early cases it was held that there could not be a valid joint or mutual will, but "it is now well settled by the overwhelming weight of authority, both in England and the United States, that such wills may be valid and may be admitted to probate like any other will unless revoked." 40 Cyc., 2110 *et seq.*

In *Clayton v. Liverman,* 19 N. C., 558, our Court adhered to the earlier authorities, but this case was overruled in the *Davis will case,* 120 N. C., 9, which was approved at the last term in the *Cole will case,* 171 N. C., 74, and joint and mutual wills are now recognized in this State as valid testamentary dispositions of property.

It is also now the general doctrine of the text-books and of the decided cases that, in the absence of contract based upon consideration,

such wills may be revoked at pleasure. *In re Davis,* 120 N. C., 9; *In re Cole,* 171 N. C., 74; Gardner on Wills, pp. 88 and 89; Theobald on Wills, p. 12; 40 Cyc., 2115; 30 A. and E., 621; Note 38, L. R. A., 291.

The author says in the citation from Theobald on Wills: "Persons may make joint wills, which are, however, revocable at any time by either of them or by the survivor," and in the note to the *Davis case,* which is reported in 38 L. R. A., 291, the editor says: "The cases generally agree that either of the comakers can at any time revoke his part of the will."

The will before us belongs to the class of joint or conjoint wills, as it is a disposition of the property owned by the husband and wife by the entireties to third persons, and there is no reason why the wife could not, after the death of her husband, revoke the will and dispose of the property as if it had not been signed by her.

As was said in the *Davis case,* "There is nothing from which it can be implied even that there was any agreement that if one should devise to these devisees, the other would do so, or that if one should afterwards revoke, the other would do so. Either had the right to do so, and without notice to the other."

We are, therefore, of opinion that the plaintiff had the power to repudiate the paper-writing as her will, and that the contract of sale is binding upon her and the defendant, and that her deed will convey to him a good title to the land in controversy, and he must accept it and pay the purchase price.

Affirmed.