MARTHA ROYAL ET ALS. v. W. H. MOORE, EXR. OF FESTUS ROYAL.

(Filed 12 March, 1924.)

1. **Wills—Interpretation—Intent—Several Items — Estates — Residuary Clauses.**

   An estate in item 1 of a will to testator's mother and sisters and brothers as residuary legatees in equal shares, his heirs at law, and in item 2 to his heirs that may be living at the time of his death: *Held*, these two items will be construed together to effectuate the testator's intent, which is not to enlarge the number of the heirs specified in item 1, or to let in his grandchildren, being the children of such of the testator's children as were dead at the time of his death.

2. **Same—Insurance—Election of Benefits.**

   Where the testator has included the proceeds from his life insurance policies in the residuary clause of his will, such of his children who are named beneficiaries under the policies who elect to take as such beneficiaries cannot take under the residuary clause wherein they are named with the testator's other children to take an equal part.

APPEAL by defendants from *Cranmer, J.,* at September Term, 1923, of SAMPSON.

This case calls for construction of the following items of the will of Festus Royal:

"1. I give, devise and bequeath, after my bills have been settled, to my sister, Fannie Faison, to have $400, Sadie Royal to have $250, and Hattie Marable to have $100.

"The following, to wit:

"My sister, Anna. Warren, $250.

"My mother, Martha Royal; sister, Senia Herring; Neal Royal, brother; Janie Weeks, sister; and Luther Royal, each to share equally and alike of whatever remains, as provided by this will.

"2. I hereby devise and bequeath unto such of my heirs as may be living at the time of my death an equal share of whatever remains of my belongings, of whatever nature and kind soever and wheresoever the same shall be at the time of my death, to be divided among them, that they share and share alike. Of all my insurance, such as my large endowment policies from each of my fraternal orders, of whatever nature and kind, to be divided so as to form an equal part of the beneficiaries in my policies with the other heirs."

The testator, Festus Royal, was the son of Martha Royal, and at the time of making his will, and also at his death, she was living. He also had four living sisters, namely: Anna Warren, Fannie Faison, Jane Weeks, and Senia Herring, and two brothers, Neal Royal and Luther Royal. Two of his sisters, Catherine Royal Faison and Sarah Royal

King, were dead at the time of making the will. The court held that the true and proper construction of the will was:

1. That the specific legatees named in the will are entitled to receive the amounts bequeathed them, as follows: Fannie Faison, $400; Sadie Royal, $250; Hattie Marable, $100; and Anna Warren, $250.

2. That the balance of the estate devised and bequeathed shall go in equal shares to the residuary legatees, Martha Royal, Senia Herring, Neal Royal, Jane Weeks, and Luther Royal.

3. That Anna Warren and Martha Royal, beneficiaries under the fraternal policies mentioned, are required to hotchpot the proceeds of said policies before they are entitled to share as legatees under said will.

. And it further appearing to the court that the legatees, Fannie Faison, Sadie Royal, and Hattie Marable, have each been paid the amount of their specific legacies; and it further appearing that Anna Warren, beneficiary under policy of $300, and Martha Royal, beneficiary under policy of $300, have each received and collected the amount of said policies; and the court being of opinion that they are required to put the amounts of insurance back into the estate before they are permitted to receive anything under the will:

It is thereupon considered and adjudged that the said Anna Warren and Martha Royal shall take nothing under the will, having elected in open court to hold the proceeds of said insurance policies.

All specific legatees having been satisfied, it is therefore further considered and adjudged that the residue of the estate, subject to legal charges of administration, be divided equally between Senia Herring, Neal Royal, Jane Weeks, and Luther Royal, subject to accounting on final settlement for any advances already made to them by the executor.

The defendant executor appealed.

*A. McL. Graham for plaintiffs.*
*H. E. Faison and Manning & Manning for defendants.*

CLARK, C. J. The appellee contends that item 2 is in reality part of item 1 and was added after item 1, not for the purpose of enlarging the number of heirs so as to include all of the testator's heirs as residuary legatees, but to limit the legacies theretofore given unto "such of my heirs as may be living at the time of my death"; thus plainly showing an intention to limit the testator's bounty immediately to such of his brothers and sisters named as residuary legatees as might be living at the time of the testator's death. The death of any such residuary legatee prior to the death of the testator would have placed the children of such residuary legatee in the exact position in which the children of Catherine Faison and Sarah King now find themselves.

We think that this is the proper construction, and that, considering the first and second items of the will together as one paragraph, we have a plain, connected, unambiguous testamentary disposition of all the property owned by the testator; and that the second clause of the will, thus construed, is simply a restatement of the first clause, and makes clearer and more definite the residuary clause, which should read as if written, "I hereby devise and bequeath unto *such of my heirs as may be living at the time of my death an equal share of whatever remain of my belongings.*"

The contention of the defendant that the children of the deceased sisters are included as beneficiaries under the residuary clause would make that clause not an auxiliary construction of the residuary clause, but a repeal of it. If the testator had intended that the children of his deceased sisters should share, he would have said so, and would not have left such intention to be inserted by the strained construction contended for by the defendants. If the children of the deceased Catherine Faison and Sarah King are to take under section 2 of the residuary clause, they must take with the named beneficiaries, "share and share alike"—that is, *per capita* and not *per stirpes;* and to accept this construction would have the effect of giving to the five children of Sarah Royal King five times as much of the *residuum* as the specially named beneficiaries under the will receive. This is not a reasonable construction, and we think that the judgment of his Honor was correct.

The court properly held that the insurance policies were part of the *residuum;* and Anna Warren and Martha Royal having elected to take as beneficiaries under said policies, and not under the will, and the pecuniary legacies having been paid to the parties named, the residue was properly directed to be divided between Senia Herring, Neal Royal, Jane Weeks, and Luther Royal.

Affirmed.