FRANCES L. CARR v. FREDERIC L. CARR, JR., ADMINISTRATOR C. T. A. OF MATTHEW L. CARR, AND FRED L. CARR.

(Filed 22 May, 1935.)

**Wills F b—Devisee held entitled to rents from land where at date of testator's death no crops had been planted.**

At the date of testator's death certain contracts for the cultivation of his lands by tenants had been let, but no crop planted. *Held:* Testator's sole devisee is entitled to the rents from the lands for the year, the provisions of C. S., 54, that ungathered crops should belong to the executor or administrator not applying to crops not planted at the date of testator's or intestate's death.

CIVIL ACTION, before *Daniels, J.,* at February Term, 1935, of WILSON.

Matthew L. Carr died on 10 January, 1934, leaving a last will and testament in which he devised his real estate to his wife, the plaintiff in this action. The testator owned a one-fourth undivided interest in 2,200 acres of land in Greene County. During the year 1934 the farming operations on said land were conducted according to a long-standing agreement between the heirs at law of T. W. Carr, deceased father of Matthew L. Carr. At the time of the death of Matthew L. Carr, to wit, on 10 January, 1934, certain contracts had been made with tenants to cultivate the land for 1934, but no crops had been planted, very little land, if any, prepared for cultivation, and certainly no crop of any kind was in process of planting on 10 January, 1934. The portion of rents for the land for the year 1934 claimed by plaintiff is approximately $3,000 or $4,000, as she was the owner of a one-fourth undivided interest in the land by virtue of the will of her husband, Matthew L. Carr. The plaintiff instituted this action to recover her portion of said rents, but the defendants declined to pay the rents to her by virtue of the provisions of C. S., 54.

The trial judge was of the opinion, and so ruled, that the plaintiff was entitled to recover said rents, and from such judgment defendants appealed.

*Connor & Hill for plaintiff.*
*Fred L. Carr, Jr., for defendants.*

BROGDEN, J. Does C. S., 54, control the title to crops not planted at the time of the death of the testator or devisor?

The plaintiff, as the widow of the testator, became the owner of the land on 10 January, 1934. At that time no crops were planted. It is not necessary to debate the question as to when a crop is a crop. Manifestly, in the forum of common sense, it could not be a crop until the seed were in the soil. The statute uses the expression, "crops . . . remaining ungathered at his death," etc. An ungathered crop is certainly not an unplanted crop, and the court is of the opinion that the statute has no application to the cause of action set out in the complaint, and, therefore, the ruling of the trial judge was correct.

Affirmed.