COMMERCIAL NATIONAL BANK OF CHARLOTTE, NORTH CAROLINA, EXECUTOR OF THE LAST WILL AND TESTAMENT OF THOMAS M. MISENHEIMER, DECEASED, v. CHARLES A. MISENHEIMER AND J. J. MISENHEIMER.

(Filed 28 April, 1937.)

1. **Wills § 44—In order for principle of election to apply, testator must show clear intention to dispose of property not his own.**

    The principle of election under a will requires that he who takes under the will must conform to all of its provisions, but the *prima facie* presumption is that the testator intended to dispose only of his own property, and in order for this presumption to be overcome and the principle of election to apply, the intention of testator to dispose of property not his own must be clear and unmistakable.

2. **Same—Evidence held to support finding that testator did not intend to dispose of property not his own and put beneficiary to election.**

Testator directed that one-half "of my life insurance" be applied to an indebtedness on property owned by testator in common with his brother, and that the other half of the insurance money be divided equally between his two brothers. In an action to construe the will, jury trial was waived and it was agreed the court should find the facts. The court found from the evidence that there were four policies of insurance on testator's life, two made payable to his estate and two in which his brother, who was tenant in common with him in the lands, was named beneficiary, that one-half the proceeds of the policies in which the estate was named beneficiary was approximately sufficient to discharge one-sixth of the indebtedness against the lands held in common. *Held:* It not appearing that testator intended to discharge the entire indebtedness on his interest in the property owned as tenant in common, but that the devisees of such interest should take *cum onere*, the evidence, together with consideration of the entire will in the light of the surrounding circumstances, supports the conclusion by the court that testator did not intend to dispose of the insurance policies in which his brother was named beneficiary, and judgment that the brother was not put to his election in regard to such policies is without error.

3. **Wills § 48—**

While ordinarily rents collected by the executor from devised realty go to the devisee, an order directing application of rents to repairs, taxes, insurance, and mortgage indebtedness against the property, is not injurious to the devisees, and an exception to such order is without merit.

4. **Appeal and Error § 46—**

Where it is determined on appeal that the judgment that a devisee was not put to his election under the will is without error, exceptions to the admission of testimony by the devisee as to whether he intended to elect to take under the will become immaterial.

5. **Wills § 46—**

Devisees of property take same subject to prior mortgage debt thereon, and judgment that if the debt were not arranged for by the interested parties, the executor should sell the land to satisfy the liens, and disburse the excess in accordance with the terms of the will, is proper.

APPEAL by defendant J. J. Misenheimer from *Cowper, Special Judge,* at October, 1936, Extra Civil Term of MECKLENBURG. Affirmed.

This was an action instituted by the plaintiff, executor of Thomas M. Misenheimer, deceased, for the construction and interpretation of the will of the testator, who died 4 January, 1935. The defendants are the testator's brothers, next of kin, and the sole devisees under his will.

The provisions of the will referred to are as follows:

"Item I. I direct my executor, hereinafter named, to pay all of my just debts out of the first money that comes into its hands.

"Item II. I bequeath one-half of my life insurance to apply to the indebtedness of the estate which my brother Charlie and I, jointly, own.

The other one-half of my life insurance is to be divided equally between my brothers, Charlie and Jay. (Referring to Charles A. Misenheimer and J. J. Misenheimer.)

"Item III. To my brother Jay I devise and bequeath my interest in the property known as the Fifth Street property, at 305 West Fifth Street; and also to my brother Jay I devise and bequeath one-third interest in the property at 206 North Tryon Street.

"Item IV. To my brother Jay I give and bequeath my automobile and my saddle horse.

"Item V. I give, devise, and bequeath to my brother, Charlie A. Misenheimer, the remainder of my estate, absolutely.

"Item VI. I nominate, constitute, and appoint the Commercial National Bank of Charlotte, North Carolina, a corporation chartered under the laws of the United States of America, as executor of this my last will according to the true intent and meaning thereof, with full powers to pledge, mortgage, sell at either public or private sale, dispose of, invest, reinvest, and otherwise deal with all or any part of my property and estate for the purpose of carrying out the terms and provisions of this will."

Pending the action, Harding, J., made an order 25 June, 1935, authorizing the executor, among other things, to collect one-half the rents from devised real estate, to keep separate account, and to pay therefrom the pro rata share of the testator's estate for repairs, taxes, insurance, and interest or principal of mortgage indebtedness. To this order appellant preserved his exception.

When the cause came on to be heard in October, 1936, jury trial was waived, and it was agreed that the court should find the facts and render judgment in accordance with his conclusions therefrom.

A statement of the facts found by the court may be briefly summarized as follows: At the time of the death of the testator there were in force upon his life four policies of life insurance in the sum of $5,000 each, two of said policies payable to defendant Charles A. Misenheimer, as sole beneficiary, and two policies payable to the testator's estate. About four days prior to testator's death, at his request, Charles E. Barnhardt, a relative, brought to him from testator's office certain papers. These included the four insurance policies and a paper in testator's handwriting. The paper writing was a tentative draft of his will (substantially in same form as later executed and hereinbefore quoted), and at the top of the paper appeared the words and figures following: "Stocks 20,000. Life Insurance 20,000. Barnhardt 165 shares." The testator delivered the four policies and the paper to Barnhardt, who placed the policies in his safe and handed the paper to an attorney for drafting the will in legal form. Upon the execution of the will it also was placed in Barnhardt's safe.

After the death of the testator the plaintiff executor collected from the insurance company approximately $10,000, the amount of the two policies payable to the estate, and defendant Charles A. Misenheimer collected the amount due under the two policies which were payable to said Charles A. Misenheimer as beneficiary.

At the time of his death the testator and defendant Charles A. Misenheimer owned as tenants in common of equal shares, subject to encumbrances, four tracts of land described as (1) Crab Orchard Township farm, (2) Charlotte and Sharon Township farm, (3) Fifth Street property, and (4) North Tryon Street property. These parcels of real property were acquired by the testator and Charles A. Misenheimer subject to prior deeds of trust, amounting at testator's death to $10,000 on the Charlotte and Sharon Township farm, $6,000 on Fifth Street property, and $27,500 on North Tryon Street property. By a paper writing, duly executed, the testator and defendant Charles A. Misenheimer agreed to be personally bound for the amounts secured by the said deeds of trust and to release the estates of those from whom the lands were acquired. The testator left personal property sufficient in value to pay all personal debts of the testator exclusive of those secured by deeds of trust on the real property.

From the facts found the court below decided, and so adjudged, that the testator's will did not include or dispose of the two policies of life insurance in which defendant Charles A. Misenheimer was named as sole beneficiary, and that the will included and disposed of only the policies, and proceeds thereof, which were payable to the estate of the testator. And that of the sum received as proceeds of the two last mentioned policies, one-half should be applied towards the payment, proportionately, as credits on the debts secured by the deeds of trust on the lands, and one-half thereof divided equally between the defendants, "provided and to the extent such amount is not required by the executor for paying debts of testator and cost of administration." It was further adjudged that defendant J. J. Misenheimer should take the one-half interest of the testator in the Fifth Street property, and one-third undivided interest in the North Tryon Street property, "subject to the balance due upon the mortgage debts outstanding against same after the application upon such mortgage debt of that portion of the insurance fund properly applicable thereto"; and that defendant Charles A. Misenheimer should, as residuary devisee, take the remaining real estate of the testator subject to the mortgage debts thereon remaining after application of insurance money as aforesaid.

It was further decreed that the plaintiff, as commissioner, be authorized to sell, free of encumbrance, at private sale, subject to confirmation, the lands designated as second, third, and fourth tracts, and apply the

net proceeds, respectively, to the satisfaction of the deeds of trust thereon; one-half of the excess, if any, to be held for the benefit of Charles A. Misenheimer subject to disbursement under further order of the court, and the remaining half of such excess to be paid over to plaintiff as executor to be handled and disbursed by the executor, after payment of debts and costs of administration, in accordance with the will of the testator. It was ordered, however, in the event the liens on the said tracts should be paid or arranged before confirmation, the authority to sell should become inoperative.

From the judgment entered in accordance with the findings of fact, defendant J. J. Misenheimer appealed.

*H. L. Taylor for J. J. Misenheimer, appellant.*
*Tillett, Tillett & Kennedy and Taliaferro & Clarkson for Charles A. Misenheimer, appellee.*

DEVIN, J. The appeal in this case involves the construction of the will of Thomas M. Misenheimer, and the principal question presented is whether the testator's use of the words "my life insurance" manifested the intention to dispose of policies of insurance in which Charles A. Misenheimer was named beneficiary as well as those policies made payable to his estate.

The appellant contends that the language used, considered in connection with the attendant circumstances, indicates the intention to include the policies payable to Charles A. Misenheimer in the bequest contained in the second item of the will, and that thereby the devisee was placed in position where he was required to elect whether he should claim the insurance, or take under the will, and that, having elected to take under the will, a court of equity should not now permit him to claim and retain sole beneficial interest in these insurance policies. This view was strongly pressed in the argument by the able counsel for the appellant.

But the court below has found the facts against this contention. Considering the evidence presented and interpreting the language of the will in the light of the surrounding circumstances, the trial judge has found the facts to be, and so decided, that by the words used in the will the testator included and disposed of only the policies of life insurance which were made payable to his estate. While the testimony offered was susceptible of inferences favorable to the appellant's contention, it did not necessarily compel the conclusion that the testator intended by the use of the words "my life insurance" to dispose of the property of another. The facts found by the court are sufficient to support the judgment.

In order to call for the application of the equitable principle of election the intention of the testator to dispose of property not his own must be clear and unmistakable. 28 R. C. L., 330; *Peel v. Corey,* 196 N. C., 79.

In *Elmore v. Byrd,* 180 N. C., 120, *Walker, J.,* speaking for the Court, discusses learnedly and fully the doctrine of election in equity, and defines it as follows: "An election in equity is a choice which a party is compelled to make between the acceptance of a benefit under a written instrument and the retention of some property already his own which is attempted to be disposed of in favor of a third party by virtue of the same paper." In the application of the principle to wills it simply means that he who takes under a will is required to conform to all its provisions. *McGehee v. McGehee,* 189 N. C., 558.

In the interpretation of a will there is a *prima facie* presumption that the testator intended only to dispose of what is his own, what he has a right to give. To overcome this presumption the intention must clearly appear. 69 C. J., 1089, 1090. "If it be doubtful by the terms of the will whether the testator had in fact a purpose to dispose of property belonging to another, that doubt will govern the courts, so that the owner, even though he derive benefit under the will, will not be put to election." *Isler v. Isler,* 88 N. C., 581; *Elmore v. Byrd,* 180 N. C., 120.

In *In re Estate of Moore,* 62 Cal. App., 265, it was said: "Where the testator has a partial or limited interest in the property devised, the presumption is that he intended to dispose of that which he might properly devise, and nothing more, and this presumption will prevail unless the intention is clearly manifested by demonstration plain, or necessary implication, on the part of the testator to dispose of the whole estate." And where in such case he uses general words in disposing of it, no question of election arises. *Waggoner v. Waggoner,* 68 S. E. (Va.), 990.

The rule seems to be well established that in cases where the testator's language can have full effect when applied only to his own property, he is presumed to have intended to give only the property over which he has power of disposition. *Pratt v. Douglas,* 38 N. J. Eq., 516; 30 L. R. A. (N. S.), 644, note. "Of two possible constructions, that which favors the conclusion that the testator was disposing only of his own moiety of the property will be adopted." *In re Estate of Moore, supra.*

In *Royal v. Moore,* 187 N. C., 379, where the beneficiaries in life insurance policies were put to election, the will used the words "all my insurance," together with designation of the particular policies. To the same effect is the holding in *Weeks v. Weeks,* 77 N. C., 421.

In *Whitlen v. Peace,* 188 N. C., 298, the doctrine of election was not involved because there was no specific devise. In *Van Schaack v. Leonard,* 45 N. E. (Ill.), 982, where the legatee was put to election, the

bequest was "The proceeds derived from all insurance policies upon my life." In that case recognition was given to the rule that where a testator has a partial interest in property, it will be understood that he intended to dispose of that interest only, unless an intention to dispose of property not his own clearly appears.

The facts in the case at bar, as they are shown by the record, warrant the holding by the court below that the words "my life insurance" did not include those policies in which he had named Charles A. Misenheimer as sole beneficiary, and that the doctrine of election did not apply.

The specifications of error addressed to the other questions involved do not require elaboration.

While ordinarily rents collected by the executor from devised real property would go to the devisee (*Carr v. Carr,* 208 N. C., 246), the order of Harding, J., authorizing the application of collections of rents to repairs, taxes, insurance, and mortgage indebtedness on the particular tract from which the rents were derived, would not be injurious to the interest of the appellant, and his exception to the order is without substantial merit.

The exception to the ruling of the court below in permitting defendant Charles A. Misenheimer to testify whether he intended to elect between the retention of the proceeds of the policies of insurance and the devise under the will, becomes immaterial in view of the holding that he was not put to election.

The bequest that one-half of the proceeds from life insurance be applied to the liens on the lands owned jointly with defendant Charles A. Misenheimer would seem to justify the reasonable conclusion, gathered from a consideration of the entire will in the light of the surrounding circumstances, that the testator did not intend to provide for the payment of the entire mortgage debts, which had been created prior to his acquisition of the property, but rather that the devisees should take *cum onere,* and that the remainder of the mortgage debt should be carried or arranged by those to whom he devised the lands.

The provision in the judgment which authorizes the plaintiff, as executor and commissioner, to sell certain real estate for the satisfaction of the respective liens thereon (unless other arrangements should be made by the interested parties), and to handle and disburse the excess in accordance with the last will and testament of Thomas M. Misenheimer seems to be proper under the terms of the will as construed, and affords the appellant no ground of complaint.

After consideration of all the assignments of error, we find in the judgment no error, and it is

Affirmed.