MARY H. LAMB v. LEON H. LAMB AND WIFE, MATTIE LAMB; NETTIE LAMB CHRISTESON, HERBERT LAMB AND WIFE, MATTIE LAMB; HATTIE LAMB MATTHEWS, LESTER H. LAMB AND WIFE, REVAH LAMB; ADRIAN LAMB AND WIFE, BESSIE LAMB; EULA BELLE PAGE AND HUSBAND, HAYWOOD PAGE; BETTIE LAMB DEVANE; FANNIE LAMB SMITH AND HUSBAND, ROBERT SMITH; EDNA LAMB; ANNIE C. GORE AND HUSBAND, FOREST GORE; CLARA LAMB Mc-LAMB AND HUSBAND, THEODERICK McLAMB; THOMAS LAMB, JR.; LOUISE LAMB; EDNA LOU LAMB; EARLE LAMB; BOBBY (ROBERT) LAMB; ANNA J. LAMB; JAMES DRAUGHON; W. H. DRAUGHON; T. B. DRAUGHON AND WIFE, EULA DRAUGHON; ROSS WILLIAMS; IDA AMAN; BESSIE DRAUGHON SCOTT AND HUSBAND, JERE SCOTT; MINNIE DRAUGHON WATSON; MAMIE DRAUGHON BULLARD AND HUSBAND, WILLIAM BULLARD; J. F. COLWELL AND WIFE, MABEL COLWELL; A. W. COLWELL, JR., AND WIFE, EVELYN DIXON COL-WELL, AND JOHN B. WILIAMS, JR., GUARDIAN AD LITEM.

(Filed 6 November, 1946.)

1. **Wills § 44—**

The doctrine of election under a will is based upon the principle that a person cannot take benefits under the will and at the same time reject its adverse provisions.

2. **Same—**

In order for the doctrine of election under a will to apply, the intent of the testator to put the beneficiary to an election must clearly appear from the instrument.

3. **Same—**

The doctrine of election under a will does not apply where, upon a fair and reasonable construction of the will it appears that testator mistakenly thought the property of the beneficiary he purports to dispose of was his own, nor where the beneficiary receives no alternative benefit under the will in lieu of the property purportedly disposed of.

4. **Same—**

A bequest of any part of a certain fund which testator may not have disposed of prior to his death, will not support the doctrine of election when there is no evidence that the beneficiary actually received any amount thereunder, since the court will not assume that any part of the fund remained undisposed of at testator's death.

5. **Same—**

Testator and his wife owned a tract of land by entireties. Testator devised "my interest" therein to his wife, with remainder over to designated beneficiaries, with further provision that the will should "not affect the deed" to him and his wife which created the estate by entireties. *Held:* It is apparent that testator believed he had a disposable interest in the estate by entireties and was attempting to devise only such interest and not any interest of his wife, and further, the intent to put his wife to her election does not appear, and therefore the doctrine of election is not applicable.

APPEAL by defendant from *Thompson, J.,* at March Term, 1946, of SAMPSON.

The plaintiff brought this action to remove a cloud from the title to land which she claims as survivor of her husband, W. B. Lamb, in tenancy by the entirety. The alleged cloud upon the title consists in defendants' claim of ownership based on their construction of the last will and testament of W. B. Lamb, which they contend put the defendant to her election with respect to the land in controversy, and other benefits under the will; an election which, it is contended, she exercised in a manner to exclude her present claim, and release her interest in the land to which they are, in that event, entitled under the will.

The will consists of the original testament, executed 4 March, 1932, and a codicil executed 31 December, 1942. The latter document is particularly directed to item three of the original will, which it revokes, but which is pertinent in explanation of the codicil. Item three is as follows:

"ITEM THREE: I give, devise and bequeath to my beloved wife, Mary H. Lamb, all of my property, real, personal and mixed, wherever the same may be located or in whatever form it may be, to have, own, use, sell, dispose of and manage during the term of her natural life, and at her death so much thereof as may remain shall become the property of and vest in my heirs at law, except C. T. Lamb and Nettie Lamb who are not to share therein, in fee-simple; but my said wife shall have the right to sell and convey any part thereof and all deeds and conveyances made by her shall be ample to convey any or all of said property, and she shall use and enjoy the proceeds therefrom and not be accountable therefor to my said heirs at law, as I have every confidence that she will preserve my estate so that they shall receive at her death such part thereof as she does not feel she should use during her life."

It is necessary to quote the codicil in full:

"NORTH CAROLINA
SAMPSON COUNTY

"I, W. B. Lamb, of Sampson County and State of North Carolina, make this codicil to my Last Will & Testament published by me, and dated the 4th day of March, 1932, which I ratify and confirm except as the same shall be changed hereby.

"WHEREAS, by Item Three of my Last Will & Testament above referred to I gave and devised to Mary H. Lamb, C. T. Lamb, Nettie Lamb, and others, certain property; and WHEREAS, I have since sold the property referred to in said paragraph and have received the cash therefor; and WHEREAS, prior to the date of sale, I have conveyed by deed to my wife, Mary H. Lamb, one-half interest in the lands which I referred to in said paragraph and that she was the owner of a one-half undivided

interest therein at the time of said sale, and accordingly is entitled to one-half of the purchase price of the whole tract of land, which was $9,000.00; and WHEREAS, it is my will and desire to dispose of my one-half of the proceeds from the sale of said property amounting to $4,500.00, which I have not disposed of and spent prior to my death.

"FIRST: Now, therefore, I hereby revoke the said paragraph Three of my will hereinbefore referred to, and I hereby give and bequeath to my wife, Mary H. Lamb, any part of the $4,500.00 which belongs to me from the sale of said lands, to her during the term of her natural life, and that she may use any part of the same which may be necessary to maintain and support her during said time, but if at her death any part of the $4,500.00, the same being my part of the proceeds from the sale of said land, shall be remaining in her hands, then such remaining part I hereby give and bequeath to the heirs of Allen Lamb, the heirs of Jimmie Lamb, and the heirs of Bettie Draughon, in the same manner as if they had inherited it without will.

"SECOND: That my wife, Mary H. Lamb, and W. B. Lamb are the owners of certain lands in the Town of Ingold which we hold as an estate by the entirety, and I hereby give and devise my interest in said property to Mary H. Lamb for life, and after her death I give and devise the same to the heirs of Allen Lamb, the heirs of Jimmie Lamb, and the heirs of Bettie Draughon in fee-simple forever, provided that this will shall not affect the deed which has already been made to Mary H. Lamb and to me.

"IN TESTIMONY WHEREOF, the said W. B. Lamb has hereunto set his hand and seal, this the 31st day of December, 1942.

W. B. LAMB    (SEAL)"

Both the will and the codicil were duly admitted to probate on the death of W. B. Lamb, which occurred 24 April, 1944, and the plaintiff qualified as executrix thereunder and is still acting as such. She is now, and has been at all times, in possession of the lands in controversy.

In their answer, the defendants presented their view of the construction of the will and asserted their ownership of the land.

The case came on for hearing at March Term, 1945, of Sampson Superior Court. After consent that the matters in controversy should be heard by the Presiding Judge without a jury, plaintiff and defendants, respectively, moved for judgment on the pleadings. Neither party offered evidence.

After hearing the argument of counsel and considering the matters presented in the pleadings and admission of parties with respect thereto, the Judge entered judgment that the plaintiff is the owner in fee-simple of the lands in controversy, and that defendants have no interest therein; and that the alleged cloud upon the title "be and the same is hereby removed."

LAMB *v.* LAMB.

The defendants excepted and appealed, assigning error.

*J. D. Johnson, Jr., and Faircloth & Faircloth for plaintiff, appellee.*
*Butler & Butler and P. D. Herring for defendants, appellants.*

SEAWELL, J. The trial court, correctly construing the will of W. B. Lamb, held that the plaintiff, his widow, was not thereby put to her election with respect to the lands in controversy, and that her right of survivorship therein was not defeated. In this we concur.

Any attempt to list, by exhaustive rule, the conditions which give rise to the duty or legal necessity of election must be left to the text-writer or encyclopedist. Confining ourselves to the facts of this case and the situation they present, which is not wholly novel in type, we repeat some principles which we believe to be applicable and controlling.

The doctrine of election, as applied to wills, is based on the principle that a person cannot take benefits under the will and at the same time reject its adverse or onerous provisions; cannot, at the same time, hold under the will and against it. *Benton v. Alexander,* 224 N. C., 800, 32 S. E. (2d), 584; *McGehee v. McGehee,* 189 N. C., 558, 127 S. E., 684; *Weeks v. Weeks,* 77 N. C., 421. The intent to put the beneficiary to an election must clearly appear from the will. *Rich v. Morisey,* 149 N. C., 37, 62 S. E., 762; *Bank v. Misenheimer,* 211 N. C., 519, 191 S. E., 14; Page on Wills, Vol. 4, p. 1347. The propriety of this rule especially appears where, in derogation of a property right, the will purports to dispose of property belonging to the beneficiary and, inferentially, to bequeath or devise other property in lieu of it.

Our train of reasoning is not complete without adding that if, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election. *Benton v. Alexander, supra.* That result follows as a corollary to the principles already laid down.

We should also say that as a matter of course there is no election implied or is indeed possible when the person whose right is adversely dealt with in the will receives from the testator no alternative benefit thereunder in lieu of that taken away. *Ford v. Whedbee,* 21 N. C., 16; *McGehee v. McGehee, supra.*

In the case at bar the preamble to the codicil states that the testator had, since the making of his will, sold the land referred to in item three thereof (not the land in controversy here) receiving $9,000.00 therefor, one-half of which belonged to the wife, the present plaintiff, by virtue of her one-half interest therein, and that he now desires to dispose of such of his half of the proceeds—$4,500.00—as might remain in his hands at his death. This is the legacy which appellants contend the plaintiff accepted, formally and legally, in lieu of her own land when

she qualified as executrix to the will. But the burden rested upon the defendant to adduce some evidence of a condition confronting the plaintiff which put her to an election at the time she presented the will for probate and qualified as executrix; and, in view of the conditional nature of the bequest, the court cannot assume that any part of it remained undisposed of or unspent at the time of testator's death. The defendants offered no evidence. Ordinarily, time is no fixative when applied to cash assets.

But we are of opinion that defendants' cause must fail in respects more fundamental than mere procedure. The single sentence composing the second item in the codicil, under which the defendants claim, strikingly emphasizes the fact that the testator and his wife hold the land as an estate by the entirety, and purports to convey only his interest in it—"I hereby give and devise my interest"—and even so expressly negatives any effectual devise with the proviso, "That this will shall not affect the deed which has already been made to Mary H. Lamb and me"; this being the deed under which they hold by entirety.

It seems reasonably clear that the testator supposed himself to have some disposable interest in the land at the time, or anticipated that the estate in entirety might, in the course of time, be resolved into a cotenancy. But we need not speculate about this. It seems clear that the testator has put enough into this paragraph to negative any intent to interfere with the plaintiff's right of survivorship, and to toll the necessity of election, if it had otherwise existed.

We should say that *Hoggard v. Jordan,* 140 N. C., 610, 53 S. E., 220, cited by appellant, is not sufficiently in point to support appellant's appeal. What the Court might have done with that case except for the long continued acquiescence of the interested parties is not for us to say. But the factual differences between that case and the case at bar are sufficient to distinguish them in legal principle. One of these differences is that in *Hoggard v. Jordan, supra,* the testator, in terms, disposed of the whole land, and in the instant case the testator just as plainly limited the disposal to his own interest, clearly indicating that he was not attempting to dispose of the property of another. *Penn v. Guggenheimer,* 76 Va., 833, 847; 2d Story Eq. Jur., sec. 1037, Pomeroy, 849. Also, inasmuch as it does not affirmatively appear that the devisee got, or could have gotten, anything else from the will, the result would be to ration the wife's own estate between her and the defendants without offering any alternative as the subject of election. *McGehee v. McGehee, supra; Ford v. Whedbee, supra; Bennett v. Harper,* 36 W. Va., 546, 15 S. E., 143; Page on Wills, sec. 1188.

The judgment of the trial court is

Affirmed.