MARTHA C. WALSTON v.
THE ATLANTIC CHRISTIAN COLLEGE (INCORPORATED).

(Filed 21 November 1962.)

**1. Husband and Wife § 14—**

Where husband and wife convey lands held by the entireties to a trustee, who in turn reconveys to them as tenants in common, but the deed to the trustee is void because of failure to comply with the requirements of G.S. 52-12, the estate by entireties is not disturbed notwithstanding the misconception of the parties as to the nature of their title, and upon prior death of the husband, nothing else appearing, the wife becomes the sole owner as surviving tenant.

**2. Wills § 7—**

Where husband and wife own land by the entireties, but mistakenly believe that they own the land in question as tenants in common, and execute a joint will under which the husband devises a life estate in one-half of the land to the wife with remainder to a college, and the wife devises a life estate in one-half of the land to the husband with remainder to certain of her kin, and the husband thereafter dies, *held,*

the wife obtains title to the entire land as survivor and may revoke or change her devise of the property, since the reciprocal provisions with regard to a life estate do not amount to a contractual agreement precluding revocation.

**3. Wills § 63—**

Where husband and wife own land by the entireties and the husband bequeaths her certain personalty and devises one-half of the land to a named beneficiary after a life estate to the wife, and it is apparent that the devise was made under the mistaken belief that they owned the land as tenants in common, the wife is not put to her election, since in such instance there is no intention on his part to devise to another property which belonged to her, and thus put her to her election.

APPEAL by defendant from *Paul, J.,* June Civil Term 1962 of WILSON.

The plaintiff instituted this action on 6 April 1962 for the purpose of quieting title to real estate described in the complaint. The defendant alleges and contends that the plaintiff is estopped to deny the defendant's title by reason of a contract between the plaintiff and her late husband under the terms of which the defendant was a beneficiary.

Prior to November 1950, the plaintiff and Walter L. Walston owned the four parcels of land described in the complaint as tenants by the entireties. As husband and wife they executed a deed dated 24 November 1950 to Silas Lucas, Trustee, for the four parcels of land, with the understanding and agreement that he would reconvey the property to them as tenants in common. This deed to the Trustee was not executed as required by G.S. 52-12. The Trustee, on 24 November 1950, attempted to reconvey the property to plaintiff and her husband as tenants in common. These deeds were duly recorded in the office of the Register of Deeds of Wilson County.

On 10 March 1951, the plaintiff and her husband executed a joint will which is set out in the record. In this will, Walter L. Walston devised all his rights, title and interest in and to his real property, including the one half interest in the property described in the deed of Silas Lucas to Walter L. Walston and wife, Martha C. Walston, as tenants in common, dated 24 November 1950, to his wife for life, and the remainder upon termination of her life estate to the Trustees of The Atlantic Christian College Endowment Fund and their successors.

The testator bequeathed all his personal property subject to a bequest in Item III of the will to his wife. The wife, plaintiff herein, devised all her right, title and interest in and to her real property, including the one half interest conveyed to Walter L. Walston and wife, Martha C. Walston, as tenants in common, to her husband for life,

and the remainder upon termination of the life estate to her brothers and sisters, naming them. She bequeathed her personal property to the husband, but if she survived him she bequeathed her personal property to her brothers and sisters subject to the bequest contained in Item III of the will.

Walter L. Walston died 17 March 1951 and the will referred to herein was probated in the office of the Clerk of the Superior Court of Wilson County as the last will and testament of Walter L. Walston, deceased, on 20 March 1951.

The plaintiff and Branch Banking and Trust Company of Wilson qualified as coexecutors of the aforesaid will. The final account showed that Mrs. Wilson received the balance of the personal property in the estate of a value of $4,931.55. An inheritance tax return was filed by the executors showing the remainder interest of the College in said real estate as having a value of $5,606.17.

The plaintiff, called as an adverse witness, testified that she knew her husband's property was going to The Atlantic Christian College at the time she signed the will and that she and her husband agreed on all provisions in the will except the provisions under which the College would receive a remainder interest.

The appellant concedes that the deed to Silas Lucas, Trustee, was null and void.

The parties waived a trial by jury and agreed that the court might, from the stipulations made in open court and entered in the record, the admissions in the pleadings, and the evidence offered by the parties at the trial, make its findings and enter judgment accordingly.

Among other things, the court found as a fact that, "The plaintiff has made no contract as alleged in the defendant's answer. She has made no contract binding her to a joint will with her husband, Walter L. Walston, nor any affecting the title to the real estate described in the complaint."

The court further found as a fact that plaintiff was not required by the will of Walter L. Walston to make an election.

The court concluded as a matter of law that the plaintiff is the owner of the land described in the complaint, and that the defendant's claim to a reminder in fee to a one half undivided interest therein subject to a life estate in such interest in the plaintiff is invalid and is a cloud on the plaintiff's title.

Judgment was accordingly entered and the defendant appeals, assigning error.

*Gardner, Connor & Lee for plaintiff appellee.*
*Lucas, Rand & Rose for defendant appellant.*

DENNY, C.J.　It is evident that at the time Walter L. Walston and his wife, Martha C. Walston, executed a joint will, both of them were under the impression that they owned the real property involved as tenants in common. It is further evident that the plaintiff was under that impression when the inheritance tax return was filed by the co-executors of Walter L. Walston's estate. Even so, this misconception with respect to the manner in which the plaintiff and her husband held title to the real property involved at the time the joint will was executed did not change in any respect the manner in which title was actually held by them. The deed from Walston and wife to Lucas, Trustee, not having been executed pursuant to the requirements of G.S. 52-12, was a nullity. It follows, therefore, that the deed from Lucas, Trustee, purporting to reconvey the property to Walston and wife as tenants in common was ineffective to convey title. *Honeycutt v. Bank*, 242 N.C. 734, 89 S.E. 2d 598.

Since the deed from Walston and wife to Lucas, Trustee, was not executed and acknowledged as required by G.S. 52-12, the estate by the entireties was not destroyed, and upon the death of Walter L. Walston, his wife, Martha C. Walston, nothing else appearing, became the sole owner as surviving tenant, with no right, title or interest of any kind passing to his executors for the benefit of creditors or devisees under his will. *Honeycutt v. Bank, supra*, and cited cases.

1. Did the court commit error in finding as a fact that under the terms of the joint will in question there was no contractural intent on the part of the plaintiff that affected the title to the real estate described in the complaint? 2. Did the terms of his will impose the doctrine of election upon the plaintiff? The court below answered both questions in the negative, and we concur.

It is stated in Anno - Joint, Mutual, or Reciprocal Wills, 169 A.L.R., at page 22, "The general rule is that a will jointly executed by two persons, being in effect the separate will of each of them, is revocable at any time by either one of them, at least where there is no contract that the joint will shall remain in effect * * *," citing *Ginn v. Edmundson*, 173 N.C. 85, 91 S.E. 696.

In *Ginn v. Edmundson, supra*, where a husband and wife made a joint will disposing of property held as tenants by the entireties, it was held that the survivor could revoke the will at pleasure and take the property free of the will. The Court said: "A joint or conjoint will is a testamentary instrument executed by two or more persons, in pursuance of a common intention, for the purpose of disposing of their several interests in property owned by them in common, or of their separate property treated as a common fund, to a third person or persons, and a mutual or reciprocal will is one in which two or more

persons make mutual or reciprocal provisions in favor of each other.

" * * * (I)n the absence of contract based upon consideration, such wills may be revoked at pleasure. * * *

"The will before us belongs to the class of joint or conjoint wills, as it is a disposition of the property owned by the husband and wife by the entireties to third persons, and there is no reason why the wife could not, after the death of her husband, revoke the will and dispose of the property as if it had not been signed by her."

In *Clements v. Jones*, 166 Ga. 738, 144 S.E. 319, the Court said: "The general rule is * * * that if two persons execute wills at the same time, either by one or two instruments, making reciprocal dispositions in favor of each other, the mere execution of such wills does not impose such a legal obligation as will prevent revocation. * * * (T)o enable one to invoke the intervention of equity, it is not sufficient that there are wills simultaneously made, and similar in their reciprocal provisions; but the existence of a clear and definite contract must be alleged and proved, either by proof of an express agreement, or by unequivocal circumstances."

It is said in 97 CJS., Wills, section 1367, page 301: " * * * (T)he agreement, in order to make the wills mutual, and to be enforceable, must be more than a mere agreement to make wills, or to make the wills which in fact are made: it must involve the assumption of an obligation to dispose of the property as therein provided, or not to revoke such wills, which are to remain in force at the death of the testators."

We hold that the provision in the respective wills of Walter L. Walston and his wife, Martha C. Walston, devising a life estate to the survivor, is not a provision that adversely affected the plaintiff's title to the real estate involved in this appeal. The joint will of Walston and wife is tantamount to separate wills although contained in a single instrument. Moreover, these wills do not purport to be reciprocal or mutual with respect to the disposition of the remainder interest in the real estate involved .

In the case of *Benton v. Alexander*, 224 N.C. 800, 32 S.E. 2d 584, this Court said: " * * * The inference of election arises only from the assumption that the devise related to the land of the wife. The intention to put the donee to an election cannot be imputed to a testator who, as one of the supposedly alternate gifts, attempts to devise property which he mistakenly believes to be his own, and so describes it, whereas, in reality, it is the property of another. * * * Its significance here cannot be ignored. It is strong evidence of the fact that the testator really supposed the land to be his own, or that he had a disposable interest in it, and was not conscious * * * of an attempt to devise the land of his wife."

Likewise, in *Lamb v. Lamb*, 226 N.C. 662, 40 S.E. 2d 29, this Court said: " * * * The intent to put the beneficiary to an election must clearly appear from the will. *Rich v. Morisey*, 149 N.C. 37, 62 S.E. 762; *Bank v. Misenheimer*, 211 N.C. 519, 191 S.E. 14; Page on Wills, Vol. 4, p. 1347. The propriety of this rule especially appears where, in derogation of a property right, the will purports to dispose of property belonging to the beneficiary and, inferentially, to bequeath or devise other property in lieu of it.

"Our train of reasoning is not complete without adding that if, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election." *Elmore v. Byrd*, 180 N.C. 120, 104 S.E. 162; *Benton v. Alexander, supra; Byrd v. Patterson*, 229 N.C. 156, 48 S.E. 2d 45.

In our opinion, there is nothing in the will of Walter L. Walston from which it can be inferred that he intended to devise or bequeath anything to his wife in said will in lieu of her legal interest as a tenant by the entireties in the land involved. Therefore, we hold that she is the absolute owner of the land involved, irrespective of whether or not she revokes or affirms the joint will signed by her and her husband.

In light of the facts in this case and the authorities cited herein and the conclusion reached, the judgment of the court below is

Affirmed.