S. H. ISLER v. S. W. ISLER, Executor.

*Wills—Doctrine of Election.*

Where a testator expresses a manifest purpose of disposing of property of another, to whom the testator devises property of his own, it is immaterial whether he believed he had title and the right to will it; or, where the testator, having an undivided interest in the property, devises it specifically; in either case, the devisee or co-owner must elect between his interest in the same and any other interest he may take under the will.

CIVIL ACTION tried at February Special Term, 1882, of WAYNE Superior Court, before *Avery, J.*

The defendant appealed from the judgment below.

*Messrs. Faircloth & Allen,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

RUFFIN, J. The court thinks that the equitable doctrine of election has a direct application to this case and must govern it.

The facts are these: Simmons Isler, Senr., died in 1839, leav-

ing a last will in which he devised and bequeathed the principal part of his estate to his widow, Barbara M., for life, with remainder to her four sons, the plaintiff and the defendant, and their two brothers, George M. and William R. The two last named died in the life-time of their mother, unmarried and without children, so that the whole estate in the remainder created by the will is vested in the parties to this action.

Amongst the things thus given to the widow for life, were two slaves, Harriet and Allen, which she afterwards sold absolutely to one Kornegay, at the price of two thousand dollars in cash. This sum, together with a thousand dollars of her own money, she used in purchasing a house and lot in the town of Goldsboro, from one L. W. Humphrey, and took a deed therefor in fee in her own name and right. She died in 1879, leaving a will in which she devised the lot so purchased to the defendant, describing it specifically as the lot purchased from Humphrey. In another clause of the same will, she devised to the plaintiff another house and lot in the same town, and also bequeathed to him the sum of one thousand dollars in money.

In his complaint, the plaintiff insists upon his right to follow the fund arising from the sale of the two slaves into the house devised to the defendant, and asks that the latter may be declared a trustee to his use and benefit to the extent of his interest in the fund, and may be directed to convey to him his proportionate part of the lot-in question.

These facts present simply the case, which is always adduced for the purpose of illustrating the doctrine of election (whenever that subject is discussed) of a testator disposing of the property of another, and at the same time and by the same will giving to that other, property of his own, in which case, according to all the authorities, the party is put to choose between taking, either under the will or against it, and will not be permitted to enjoy both benefits.

The general doctrine was conceded by counsel, but its application to this case was denied upon the ground that it did not appear upon the face of the will that the testatrix knew of the

plaintiff's claim in the matter, or that she certainly intended to dispose of what was not her own. It is true there is a *prima facie* presumption, always, that a testator means only to dispose of what is his own, and what he has a right to give; and if it be at all doubtful, by the terms of his will, whether he had in fact a purpose to dispose of property really belonging to another, that doubt will govern the courts, so that the true owner, even though he should derive other benefits under the will, will not be driven to make an election. But if on the other hand there should be a manifest purpose expressed in the will to dispose of the thing itself, then it is wholly immaterial whether he should recognize it, or not, as belonging to another, or whether he should believe that the title and the right to dispose of it rested in himself or not.

In speaking of this very point, and in reply to a suggestion that a testator might have made a different disposition if he had been aware of the true state of the title, LORD ELDON declared in *Thelluson* v. *Woodford*, 13 Ves., 221, that the law was too plain, that no man should claim any benefit under a will without conforming and giving effect to every other provision contained therein, as far as lay in his power, and that the question, whether the testator believed he had title to the property and the right to dispose of it, had nothing to do with the case; that the only question was, did he intend the property mentioned to go in the manner indicated, and not whether he had power so to direct it, or would have done so, if he had known that he thereby imposed a condition upon another; and he added, that nothing could be more dangerous than to speculate upon what a testator would or would not have done, if he had known one thing or another.

Again it is said, that according to the facts stated, the testatrix had a third interest in the house and lot, having expended that much of her own money in its purchase, and it is insisted that under such circumstances she will not be presumed to have intended to give more than she had a right to. This, too, is a question of construction for the court, and the case of *Padbury* v. *Clark*, 2 Mac. and G., 298, seems to be directly in point, and

to lay down the rule correctly.   There, it was held that when a man who had an undivided moiety in a house devised it by a particular description, such as "my messuage or tenement with the garden thereunto belonging," the whole was intended to pass.

In *Miller* v. *Thurgood,* 33 Beav., 496, it is said there are many cases on the subject, but they all resolve themselves into this: "If a testator having an undivided interest in a particular property devises the same specifically, a case of election will arise and the co-owner must elect between his interest in the property and any other interest he may take under the will; and what was said in *Wilkinson* v. *Dent,* 6 L. Rep., is to the same effect.

In the will now under consideration, the testatrix not only describes the lot devised as that which she had purchased from its former owner, Humphrey, but specifically designates it by its number in the plan of the town; so that it is impossible to satisfy the terms of its description without supposing that she intended to pass the lot as an entirety.

In the opinion of this court, the plaintiff fails to set forth in his complaint facts sufficient to constitute a cause of action against the defendant, and, therefore, the judgment rendered in his behalf in the court below is reversed, and judgment will be entered here dismissing the action.

Error.                              Judgment accordingly.