## TREADAWAY v. PAYNE.

(December 22, 1900.)

1. *Wills—Executor—Legatee—Estoppel—Deed.*

A legatee who procures the probate of a will and executes the duties of executor can not take devised property under a deed executed by the testator subsequent to making the will.

2. *Estoppel—Executor—Will.*

One who executes the duties of executor under a will is estopped from denying his qualification as such.

CIVIL ACTION by Elizabeth Treadaway, Tempie Lunsford, and Levi Lunsford against James Payne and R. F. Payne, heard by Judge *A. L. Coble* and a jury, at Fall Term, 1899, of MADISON Superior Court. From judgment for defendants, the plaintiffs appealed.

*W. W. Zachary,* for the plaintiffs.
*J. M. Gudger,* for the defendants.

MONTGOMERY, J. This action seems to have been commenced under chap. 6 of the Acts of 1893, but was tried as an action for the possession of the land mentioned in the complaint. The plaintiff Tempie Lunsford claimed the land under the will of her father, Daniel Payne, which was probated on the 30th day of September, 1889, before the Clerk of Madison County; the testator having died on the 5th of the same month and year. The defendants' claim to the land is under a deed executed by the testator a few months before his death, and registered after his death. The plaintiff, in her complaint, alleged that the deed was a forgery on the part of the grantees; but the jury found that issue in

favor of the defendants, under proper instructions from the Court. The main contention of the plaintiff in this Court is that the deed is of no force and effect as to R. F. Payne, because he was a large beneficiary, devisee, and legatee under the will of the testator, and himself probated the will and acted as executor, and therefore elected to take under the will. On the trial, R. F. Payne admitted that he brought the witnesses before the Clerk and had the will probated, Mr. Pritchard being employed as his attorney, and that he took charge of the estate under the will; that he sold the personal property at public sale as executor; that, as executor, he charged in his account for the expenses of 25 trips to Marshall on business as executor; that he took a note from a debtor of the testator's estate to himself as executor, and received payment on the same as executor; that he collected all of the debts due to the estate that could be collected, and paid all the debts of the estate; that he made a report to the Clerk of the Superior Court, in response to a notice to make that report from the Clerk, of his administration, in which he set out the property of the estate, the receipts and disbursements, including an allowance as a fee to his attorney, and the charges of regular commissions. He said, however, that he did not remember to have been qualified as executor of the will, nor did he remember whether or not the oath required of executors had been administered to him by the Clerk. The Clerk of the Court, upon his examination, testified that he had examined the records in which the appointments of executors were kept, and that he found no record in any book of R. F. Payne ever having qualified as the executor of Daniel Payne. His Honor instructed the jury, in substance, that before they could answer the second issue, "Did R. F. Payne qualify as one of the executors of Daniel Payne, deceased, and take charge of the estate of the said Daniel Payne as such execu-

tor ?" they must be satisfied that he not only applied for letters testamentary and took charge of the estate as executor, but that he took the oath of the office of executor, and that letters testamentary were issued to him by the Clerk. We think there was error in that instruction. The defendant, R. F. Payne, as we have seen, had the will probated, executed the duties of executor, made an inventory of the estate and an account of receipts and disbursements, and charged his regular expenses and commissions in his account as executor; and he can not be allowed to deny his qualification as executor. His Honor should have instructed the jury that, if they believed the evidence, they should answer the second issue, "Yes." Upon such finding of that issue, the plaintiff would have been entitled to a judgment for one-half of the land in dispute—the share claimed by R. F. Payne. His course was an election to take under the will. *Allen v. Allen,* 121 N. C., 328.

New trial.