The LOUISVILLE TRUST COMPANY, Executor of Grace Demaree Vernon, et al.,
Appellants,

v.

Marie Vernon DAVIDSON, Appellee.

Court of Appeals of Kentucky.

March 15, 1957.

Charles A. Robertson, Ogden, Galphin & Abell, Louisville, Nolan Carter, Lexington, guardian ad litem, for appellants.

Robert M. Odear, Stoll, Keenon & Park, Lexington, for appellee.

SIMS, Judge.

This appeal is from a judgment decreeing that Marie Vernon Davidson was not required to renounce the provisions of the will of her mother, Grace Demaree Vernon, in order to take the remainder interest devised Mrs. Davidson under the will of her father, S. M. Vernon.

It is the contention of the Louisville Trust Company, executor of the will of Mrs. Vernon, that testatrix attempted to devise to her daughter, Mrs. Davidson, certain property the latter took under the will of her father, as well as certain portions of testatrix' estate, therefore the law imposed upon the daughter the obligation of renouncing the will of her mother in order to recover the property she took under her father's will. Mrs. Davidson insists that the will shows no intention on the part of testatrix to devise to her any property she already owned, but by her will testatrix only attempted to devise to Mrs. Davidson property in which testatrix had the right of disposition.

■ The well-established rule is that where one receives a benefit under a will by which the testatrix attempted to devise property belonging to such beneficiary, an election must be made by the beneficiary whether to accept the provisions of the will in her favor or whether to assert her right to the property she actually owned which testatrix attempted to devise her. 57 Am. Jur., Wills, § 1555, p. 1060; Brossenne v. Schmitt, 91 Ky. 465, 16 S.W. 135, 13 Ky. Law Rep. 26; Dickson v. Dickson, 180 Ky. 423, 202 S.W. 891, L.R.A.1918F, 765; Hood v. Nichol, 236 Ky. 779, 34 S.W.2d 429; Annotations, 156 A.L.R. 820.

The trial judge, Hon. Joseph J. Bradley, filed a well-reasoned opinion which we have adopted as our own.

"The plaintiff, Marie Vernon Davidson, instituted this action to recover of the Louisville Trust Company $21,795.09, less the value of 40 shares of stock in General Motors Corporation as of February 7, 1930, plus the certificate for these shares. This sum represents, as is claimed by the plaintiff, her interest as remainderman in the estate of her father, S. M. Vernon, and which is now held by the Trust Company as executor and trustee under the will of the plaintiff's mother, Grace Demaree Vernon.

"On February 12, 1930, the will of S. M. Vernon was probated and by the terms of which the residue of his estate was bequeathed to his wife, Grace Demaree Vernon, for and during her natural life with remainder in fee to the plaintiff. The sum here sought constituted the net worth of the father's estate. In the years that followed wise and judicious sales and reinvestments upon the part of the mother greatly enhanced the value of the estate.

"In November 1953 the mother died testate. By the terms of Item 5 of her will the plaintiff was given all of the tangible personal property not otherwise disposed of. Item 7 provided that 'all the rest and residue of my estate of every kind and description I devise and bequeath to the Louisville Trust Company' in trust for the purposes therein set forth. It is provided therein that from the income, and if necessary the principal, there shall be paid to the testatrix' daughter $175.00 per month for life.

"It may be noted that the testatrix had listed in her own name stocks, bonds and other securities valued at $50,463.48. This sum represents both the fund that came into her possession as life tenant, the income therefrom and the profits from her own investments which were commingled by her and over which she exercised complete supervision until her death. It may also be observed that the plaintiff has accepted some of the benefits under the will of the testatrix.

"The question presented for determination is whether the plaintiff is required to elect whether she will take under the will of the testatrix or relinquish her interest therein in order to obtain the estate devised to her by her father.

"It is urged by the plaintiff that no election is necessary in order to avail herself of the property devised to her by her father. It is insisted that this property has at all times retained its identity as the estate in remainder and that commingling it

with other funds neither increased nor diminished it in any respect. And that the language employed in the will of the testatrix fails to manifest any intention upon her part to dispose of any property other than that in which she had a right of disposition.

"The Trust Company takes the position that this will evidences a clear intention upon the part of the testatrix to place in trust both the estate of the mother and the interest of the remainderman, which placed upon the plaintiff the burden of election, and as she has accepted benefits under this instrument she is estopped to claim this fund.

"It is a well settled rule of construction that a testator is presumed to devise only his own property, or property over which he has power of disposition. York v. Adams, 277 Ky. 577, 126 S.W.2d 1077. It is equally well established that where the will shows clearly and unmistakably an intention upon the part of the donor to dispose of the property of the donee an election upon the part of the donee is necessary. This intention, however, must clearly appear by the use of unequivocal language and leave no doubt as to the donor's design. Brossenne v. Schmitt, 91 Ky. 465, 16 S.W. 135, 13 K[y.] L[aw] R[ep.] 26.

"In 57 Am.Jur. Wills § 1557 [pp.] 1062 and 1063 is found the following:

"'Before a testamentary beneficiary whose property is apparently disposed of by the will in question is required to make an election, the testator's intention to dispose of property which did not belong to him must clearly and unmistakably appear, and if the will is reasonably susceptible of the construction that the testator intended to dispose only of property belonging to him, as where the provision for the beneficiary holding an independent claim is in general terms, such as "my real property" or "all my estate", which might, of course, be properly construed

as being confined strictly to property over which the testator had a power of disposal, no election is required.'

"In Brossenne v. Schmitt, 91 Ky. 465, 16 S.W. 135, 13 K[y.] L[aw] R[ep.] 26, there appears this quotation from Pomeroy's Equity Jurisprudence:

"'Prima facie a testator is presumed to have intended to bequeath that alone which he owned; that only over which his power of disposal extended. Whenever, therefore, the testator does not give the whole property specifically but employs general words of description and donation, such as "all my lands" and the like, it is well settled that no case for election arises, because there is an interest belonging to the testator to which the disposing language can apply, and the prima facie presumption as to his intent will control.'

"Thus the employment of general terms, the failure to particularly mention or specifically describe the property held jointly with another, or property owned by another but which the testator assumes to dispose of, do not require an election.

"Measured by the foregoing rule of construction, it is manifest that the words 'all the rest and residue of my estate' used in the will are general words of description and that the language of the instrument cannot be construed as reflecting an intention upon the part of the testatrix to dispose of any property she did not own. The fact that the funds were commingled and treated as the property of the testatrix did not deprive the daughter of her interest therein, nor did the acceptance of the benefits under the will estop her from claiming the fund in this case. In Ford v. Yost, 299 Ky. 682, 186 S.W.2d 896 [899], 162 A.L.R. 149, the court said:

"'As a general rule of the doctrine, one cannot be estopped by reason of accepting that which he is legally enti-

**44**

tled to receive in any event; hence, as stated in 19 Am.Jur., Estoppel, Sec. 65 [p. 690, 692], "estoppel against attacking or disputing a contract or transaction is not ordinarily created by the acceptance of a benefit purporting to be derived therefrom if in fact the party is entitled thereto regardless of whether the contract or transaction is sustained or overthrown."

" 'In this state the doctrine of estoppel by acquiescence or by the acceptance of benefits under a will has not been freely applied. * * *'

"In view of the foregoing I am of the opinion the plaintiff is entitled to recover the sum herein sought."

We agree with the trial judge that plaintiff should recover the sum sought and his judgment is affirmed.