NORTH CAROLINA NATIONAL BANK, GUARDIAN OF CLABRON ANN BAR-
BEE, RONALD MILLS BARBEE AND CAROLYN LOUISE BARBEE,
MINORS, v. ANNIE MILLS BARBEE, EXECUTRIX OF THE ESTATE OF C. J.
BARBEE, DECEASED, AND ANNIE MILLS BARBEE, INDIVIDUALLY.

(Filed 19 July 1963.)

**1. Wills § 63—**

The mere fact of the qualification of the widow as executrix under the
will does not constitute an election when the widow is not under the
necessity of making an election.

**2. Same—**

Where testator devises property held by the entireties to his children
under the mistaken belief that he was the sole owner of the property,
and devises and bequeaths other property to his widow, his widow is
not put to her election.

**3. Appeal and Error § 60—**

A provision of a judgment from which no appeal is taken becomes the
law of the case.

APPEAL by plaintiff from *Clark (Heman R.)*, *J.*, December 1962
Assigned Civil Term of WAKE.

Action by the guardian of minor children of a decedent to deter-
mine whether the defendant, his widow, has elected to take under the
will of her husband. The parties waived a jury trial and the judge
heard the case upon the following facts which were either admitted or
stipulated:

C. J. Barbee died in Wake County on November 24, 1960 leaving
a holographic will dated February 18, 1960 which has been duly pro-
bated. His heirs at law, the sole beneficiaries under the will, are his
widow, the defendant Annie Mills Barbee who was named executrix
of the will, and their three minor children, Clabron Ann, Ronald
Mills, and Carolyn Louise. He appointed plaintiff as guardian of
his minor children.

In articles 1, 2, and 3 of his will, C. J. Barbee devised to each of his
three children certain real estate in Wake County. In addition, to
Clabron Ann he devised a lot in Durham; to Ronald Mills, a lot in
Raleigh; to Carolyn Louise, a lot in Wilmington. Article 4 of his will
provides: "To Annie Mills Barbee, my beloved wife, the remainder of
my real estate and all of my personal property so long as she may
live, and then to the three above mentioned children if living, if not
to the surviving ones in either instance the division is to be on an
equal basis." It also directed his wife to discharge any unpaid
mortgages on the lands devised to the children out of the proceeds
of his insurance or some of his personal property.

Following the death of her husband the defendant offered his will for probate and qualified as executrix. She is now administering the estate. The Durham lot, devised to Clabron Ann, has a value of $34,365.00; the Raleigh lot, devised to Ronald Mills, $35,000.00; and the Wilmington lot, devised to Carolyn Louise, $30,000.00. These three lots were owned by C. J. Barbee and his wife as tenants by the entireties. The total value of the real estate owned by them as tenants by the entireties at the time of his death was $188,865.00. Individually, he owned real estate worth $139,300.00. The value of his personal property, including cash, notes, insurance payable to the estate, and all other items was $24,194.00. The indebtedness against the estate, as of the date of death, was $73,603.94.

The value of the widow's life estate in the realty, computed on the basis of her age at decedent's death, is $84,106.85; in the personalty, $14,637.38, making a total of $98,744.23.

On February 28, 1961, defendant filed a complete inventory of all property of the decedent in which she listed the property held by the entireties separately. She has maintained separate accounts for funds derived from that property. At the time of the trial below all of the cash assets of the estate and all income from the properties of the estate had been used to pay debts. She has used no estate assets whatever for her own purposes.

On November 24, 1961, defendant filed with the Clerk of the Superior Court a "Declaration of Intent" in which she recited that "being acutely aware that her husband, C. J. Barbee, attempted to devise property which he mistakingly supposed himself to have the right to dispose of, (she) sought legal counsel as to the proper course of procedure; and that she was advised by counsel that due to the value of the property passing to her on the death of her husband, G.S. 30-1, Section (b) prevented her from dissenting to the will."

The stated purpose of the declaration was to record her intention and desire to assert her title in fee to all real property she and C. J. Barbee owned by the entireties at the time of his death, and to assert her right to the proceeds of all life insurance paid to her as the designated beneficiary in the policies.

In May 1962 the plaintiff, as guardian of the minor children, instituted this action. Plaintiff alleged that by qualifying and acting as executrix under the will of Barbee, defendant had elected to take under the will; that consequently she owns a life estate in all the personal property of her deceased husband and a life estate in the real property owned by him individually. The prayer of the complaint is that the minors be declared the owners in fee of all property devised

to them by the will, including property owned by testator and defendant by the entireties. The defendant, relying upon her "Declaration of Intent," filed answer in which she denied that she had forfeited her rights in the property owned by the entireties. She prayed that she be declared the owner in fee of all real property which she and Barbee owned as tenants by the entireties at the time of his death as well as the owner of a life estate in his personal property and all the realty owned by him individually; and that she be declared to be the owner of the proceeds from the life insurance policies in which she was named sole beneficiary.

The trial judge found that defendant had asserted her ownership to all the lands which were owned by her and her husband by the entireties at the time of his death, three tracts of which, "in apparent ignorance of the fact that said lands were owned by the entireties, (he) attempted to devise to his children, the plaintiffs herein." The judge concluded as a matter of law that, although defendant had qualified and is acting as executrix of her husband's will, she had accepted no benefits under it and is not estopped from asserting her ownership of all the lands which she owned with testator as tenants by the entireties. He held, however, that having elected to take independently of the will and contrary to the same, the defendant cannot also take under the will as devisee. He decreed that she is entitled to take no property as a devisee or beneficiary under the will of C. J. Barbee. The defendant did not except to this judgment. The plaintiffs excepted to the signing of the judgment and appealed.

*Robert L. McMillan, Jr., for plaintiff appellant.*
*Charles O'H. Grimes and M. Alice Hunt for defendant appellee.*

SHARP, J. In the vast majority of jurisdictions the rule is that merely qualifying as executor or administrator c.t.a. is not sufficient standing alone, to constitute an election to take under the will but is a factor tending to establish such an election which must be considered in conjunction with all the other circumstances. 57 Am. Jur., Wills, §1539; Anno. — Wills — Election by Beneficiary, 166 A.L.R. 316, 320.

The early cases in North Carolina held that if a wife qualified as executrix or administratrix, c.t.a. of her husband's will, the act of qualifying and undertaking upon oath to carry out the provisions of the will was an irrevocable election to abide by it. *Mendenhall v. Mendenhall*, 53 N.C. 287; *Hoggard v. Jordan*, 140 N.C. 610, 53 S.E. 220. This same rule applied to any other beneficiary who qualified

as executor or administrator c.t.a. *Allen v. Allen,* 121 N.C. 328, 28 S.E. 513; *Treadaway v. Payne,* 127 N.C. 436, 37 S.E. 460. An error in the legal consequences of a widow's decision was immaterial where there had been no imposition upon her. *Syme v. Badger,* 92 N.C. 706. However, where she was misinformed by those interested in the estate and had taken nothing under the will, she was allowed to dissent within the time provided in spite of having qualified as executrix. *In Re Shuford's Will,* 164 N.C. 133, 80 S.E. 420. Even where she herself owned the realty, and was entitled under the law to the personal property, given her by the will of her husband, her qualification as administratrix c.t.a. was held to estop her executor from afterwards claiming the property. *Tripp v. Nobles,* 136 N.C. 99, 48 S.E. 675.

In recent years North Carolina has modified the strict rule of the earlier cases and mere qualification as executor will not now constitute an election *unless the executor was under the necessity of making an election.*

In *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162, a husband devised to his wife all his personal property and "the lands of which he was seized" for life with remainder to his children and grandchildren. W was appointed executrix and qualified. H owned a one hundred and fifty acre tract of land. W owned a one hundred and twenty-five acre tract which she conveyed to H four months prior to his death by a deed void because her private examination was not taken. The defendants contended that by qualifying as executrix, she had forfeited her right to claim the one hundred and twenty-five acres. The Court rejected this contention. Assuming, it said, that her qualification as executrix would be sufficient as an election, no election was required. H had erroneously believed the title to the one hundred and twenty-five acres had passed to him; it had not. He was not seized of the land and therefore his intention to devise it did not appear from the will. The Court also said, quoting from Pomeroy on Equity, 3d Ed., Vol. 1, § 475 at p. 792:

> " 'The doctrine of election is not applicable to cases where the testator, erroneously thinking certain property is his own, gives it to a donee to whom in fact it belongs, and also gives him other property which is really the testator's own, for in such cases the testator intends that the devisee shall have both, though he is mistaken as to his own title to one.' " (*Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45, is such a situation.)

In *Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584, 156 A.L.R. 814, a husband devised to his wife all his real and personal property

for life with remainder to A, and appointed W his executrix. H owned no interest in any lands, except as a tenant by the entireties with W. His personalty was insufficient to pay his debts and W spent substantial sums of her own discharging them. In a contest between W and A over the lands, A contended that W had elected to take under the will when she qualified as executrix and that A owned the fee. Speaking for the Court, Justice Seawell reviewed the previous cases on the question and said: "While decided differently in many jurisdictions, it is settled law in this State that, nothing else appearing, a beneficiary under a will, *who is under the necessity of making an election*, has exercised that privilege by offering the will as executor and procuring its probate."

The question presented in the instant case, as it was in *Benton v. Alexander, supra*, is whether the widow was put to her election under the terms of her husband's will.

The doctrine of election has been stated and restated many times by this Court and, in the restating, it has been tempered somewhat. *Melchor v. Burger*, 21 N.C. 634; *Isler v. Isler*, 88 N.C. 581; *Tripp v. Nobles, supra; Hoggard v. Jordan, supra.* The following statement of the doctrine in *Lovett v. Stone*, 239 N.C. 206, 79 S.E. 2d 479, has the full sanction of our decisions today:

> "Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases *where there is a clear intention of the person from whom he derives one that he should not enjoy both*, the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." (Italics ours)

See also *Sandlin v. Weaver*, 240 N.C. 703, 83 S.E. 2d 806; *Taylor v. Taylor*, 243 N.C. 726, 92 S.E. 2d 136.

The cases have always held that there was a presumption that a testator meant only to dispose of what was his own and that all doubts would be resolved "so that the true owner, even though he should derive other benefits under the will, will not be driven to make an election." However, if the will discloses a manifest purpose to require an election, then it is immaterial whether he should recognize it as belonging to another, or whether he should believe that he had the title and right to dispose of it. *Isler v. Isler, supra; Horton v. Lee*, 99 N.C. 227, 5 S.E. 404; *Elmore v. Byrd, supra.* This is the law today. *Lovett v. Stone, supra; Trust Co. v. Burrus*, 230 N.C. 592, 55 S.E. 2d 183.

In *Benton v. Alexander, supra,* as here, the debts of the estate largely exceeded the personal property and at no time did W accept any personalty by reason of the bequest. In holding that W was not put to an election, the Court said:

> "To raise the legal necessity of election, the intent of the donor must clearly appear from the will under recognized rules of construction. . . .
>
> "In the case at bar there is no express declaration that the one gift should be taken in lieu of the other, as we often find in wills intended to put the wife to her election with regard to common law or statutory rights in the property of her husband. . . The intention to put the donee to an election cannot be imputed to a testator who, as one of the supposedly alternate gifts, attempts to devise property which he mistakingly believes to be his own, and so describes it, whereas, in reality, it is the property of another."

This Court has consistently followed the rule laid down by Justice Seawell in *Benton v. Alexander, supra.* In *Lamb v. Lamb,* 226 N.C. 662, 40 S.E. 2d 29, the Court said: "(I)f, upon a fair and reasonable construction of the will, the testator, in a purported disposal of the beneficiary's property, has mistaken it to be his own, the law will not imply the necessity of election."

In *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598, *Bobbitt, J.,* speaking for the Court said: "Ordinarily, where the testator attempts to devise *specific property,* not owned by him, to a person other than the true owner, and provides other benefits for the owner of such specific property, such beneficiary is put to his election. (Citations omitted) Even so, if it appears that the testator erroneously considered the specific property so devised to be his own, no election is required. *Byrd v. Patterson, supra; Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584; *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162." See also *Walston v. College,* 258 N.C. 130, 128 S.E. 2d 134.

For a discussion of these North Carolina cases see Anno.: Will — Election — Intention, 60 A.L.R. 2d 736, 746.

In the instant case Mrs. Barbee has accepted no benefits under the will of her husband — only the burden of administration which, no doubt, she assumed to save costs and to keep in the family the commissions which will be considerable in the administration of an estate so largely indebted. The judge has found as a fact, to which no exception was taken, that her husband devised to others the specific property to which she was entitled as survivor "in apparent ignorance

of the fact that said lands were owned by the entireties." As the law required him to do, the judge gave her the benefit of the presumption of fact that a testator intends to devise only his own property. The facts found support the conclusion of law. *Rader v. Coach Co.*, 225 N.C. 537, 35 S.E. 2d 609.

Under the authority of *Benton v. Alexander* and the subsequent cases cited above, we hold that Mrs. Barbee's qualification as executrix, under the circumstances here disclosed, did not amount to an election. The trial judge has ruled that she is entitled to take no property as devisee or beneficiary under the will. She did not appeal from this ruling. It is, therefore, the law in this case.

The judgment of the court below is
Affirmed.