WATERHOUSE v. CAROLINA LIMOUSINE MANUFACTURING

[96 N.C. App. 109 (1989)]

RAY WATERHOUSE, PLAINTIFF v. CAROLINA LIMOUSINE MANUFACTUR-
ING, INC., D/B/A CAROLINA COACHBUILDERS, DEFENDANT v.
SOUTHWESTERN NORTH CAROLINA PLANNING AND ECONOMIC
DEVELOPMENT COMMISSION AND SCRONCE AUTOMOTIVE SUPPLY,
INC., INTERVENORS

No. 8930SC35

(Filed 17 October 1989)

**Execution § 5 (NCI3d) — lien perfection based on possession of collateral — interruption by sheriff's levy**

Where one creditor's lien perfection was based only on
possession of the collateral, and there was no exception by
any of the parties to the trial court's adjudication that the
sheriff's levy constituted an interruption of the creditor's posses-
sion, that part of the judgment became the law of the case,
and the trial court therefore erred in finding that the creditor
with possession had priority over the creditor with the sheriff's
levy.

**Am Jur 2d, Creditors' Bills §§ 86, 91-93.**

APPEAL by plaintiff from *Downs, Judge.* Judgment entered
12 October 1988 in Superior Court, JACKSON County. Heard in
the Court of Appeals 30 August 1989.

This is an action to determine lien priorities between two
creditors of Carolina Limousine (hereinafter "Carolina"), namely,
plaintiff Ray Waterhouse (hereinafter "Waterhouse") and intervenor
Southwestern North Carolina Planning and Economic Development
Commission (hereinafter "Southwestern"). Another creditor, Scronce
Automotive Supply, Inc., is no longer a party to this action.

The uncontested facts are that in September of 1985 Carolina
executed a promissory note in favor of Southwestern. The parties
also executed a security agreement and financing statement. The
financing statement and security agreement identified as collateral
certain equipment owned by Carolina and operated at its Buster
Brown Plant. Southwestern filed the financing statement in the
Jackson County Register of Deeds' Office but failed to file the
document with the Secretary of State as required by G.S.
25-9-401(1)(c). Carolina defaulted on the note. Southwestern took
physical possession of the equipment identified as collateral by
padlocking the Buster Brown Plant building on 4 December 1987.

On 14 March 1988 Waterhouse sued on a note executed in his favor and obtained a judgment against Carolina. On 6 April 1988 execution was issued by the Clerk of Court of Jackson County. On 12 April 1988 a deputy sheriff posted a "Notice of Levy" document on the exterior of the padlocked Buster Brown Plant.

Based on the evidence the trial court made findings of fact and conclusions of law. Among other things the court concluded that "Southwestern made a good faith effort to accomplish the necessary filing." The trial court also found that the sheriff's posting of the notice of levy "was sufficient as a levy on the personal property in the Buster Brown Plant. Such levy constituted an interruption in the possession of said property by Southwestern." However, the trial court also concluded that "Southwestern's lien on said property takes precedence over the lien claimed by the Plaintiff [Waterhouse]." Waterhouse appeals.

*Stephen L. Barden, III, for plaintiff-appellant.*

*Philo and Spivey, by Samuel C. Briegel, Steven E. Philo and David C. Spivey, for intervenor-appellee.*

EAGLES, Judge.

Waterhouse excepted to the trial court's conclusions regarding Southwestern's good faith effort to file and Southwestern's priority. Because of Southwestern's failure to file the financing statement with the Secretary of State, Southwestern's security interest in Carolina's equipment was not perfected by filing. Both parties agree that Southwestern's interest was perfected, if at all, by possession, which occurred on 4 December 1987. Therefore, the trial court's conclusion regarding good faith efforts to file is not dispositive; filing is not the basis on which Southwestern's perfecting of its security interest rests.

Southwestern asserts it perfected its security interest by physically possessing the collateral. Under the Uniform Commercial Code a security interest in goods is perfected without filing when the secured party takes possession of the collateral. G.S. 25-9-302(1)(a); G.S. 25-9-305. This perfected status "continues only so long as possession is retained." G.S. 25-9-305. Here, the trial court concluded that the posting of the notice of levy "constituted an interruption in the possession of [the collateral] by Southwestern." Although the issue of whether a levy by the sheriff interrupts a creditor's

possession has apparently not been answered in North Carolina, other states with statutory provisions identical or sufficiently similar to our G.S. 25-9-305 have answered the question. They have held that a prior perfected interest is superior to the interest of a judgment creditor who has obtained a lien. *See Grain Merchants of Indiana, Inc. v. Union Bank and Savings Co.*, 408 F.2d 209 (7th Cir. 1969), *cert. denied*, 396 U.S. 827, 24 L.Ed. 2d 78, 90 S.Ct. 75 (1969); *Rocky Mountain Ass'n. of Credit Mgmt. v. Hessler Mfg. Co.*, 37 Colo. App. 551, 553 P.2d 840 (1976); *National Shawmut Bank v. Vera*, 352 Mass. 11, 223 N.E.2d 515 (1967); *General Motors Acceptance Corp. v. Stotsky*, 60 Misc. 2d 451, 303 N.Y.S.2d 463 (1969); *William Iselin & Co. v. Burgess & Leigh, Ltd.*, 52 Misc. 2d 821, 276 N.Y.S.2d 659 (1967). In one case remarkably similar to the instant case the court found that a creditor who had perfected his security interest in goods by possession had priority over the sheriff who, at a later date, levied on the goods for delinquent personal property taxes of the debtor. *Walter F. Heller & Co. v. Salerno*, 168 Conn. 152, 362 A.2d 904 (1975).

Upon proper presentation to this court, when a ruling below is based on a misapprehension of applicable law, we will remand the cause in order that it may be considered in its true legal light. *Nationwide Mut. Ins. Co. v. Chantos*, 298 N.C. 246, 252, 258 S.E.2d 334, 338 (1979). Here, however, no exception was taken to the conclusion of the trial court that the levy constituted an interruption of Southwestern's possession. Where there is no exception by any of the parties to the adjudication of a particular matter presented for decision, that part of the judgment to which there is no exception becomes the law of that case. *North Carolina Nat. Bank v. Barbee*, 260 N.C. 106, 112, 131 S.E.2d 666, 671 (1963); *Kessler v. North Carolina Nat. Bank*, 256 N.C. 12, 17, 122 S.E.2d 807, 811 (1961). Therefore, the law of this case is that Southwestern's possession was interrupted by Waterhouse's levy.

Because Southwestern's lien perfection was based only on possession of the collateral and the sheriff's levy interrupted that possession in this case, the trial court erred in finding that Southwestern had priority over Waterhouse. We therefore reverse the judgment of the trial court and remand for entry of judgment in favor of Waterhouse.

Reversed and remanded.

Judges JOHNSON and GREENE concur.